**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**Filed 6/21/96**

**TENTH CIRCUIT**

_____

| | |
|---|---|
| DAVID WHITE, | ) |
| | ) |
| Plaintiff-Appellant, | ) |
| | ) |
| v. | ) No. 95-1215 |
| | ) |
| MELANIE GREGORY, Technical Services | ) |
| Manager, Director; PENNY BROWN, Jail | ) |
| Director, | ) |
| | ) |
| Defendants-Appellees. | ) |

_____

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D.C. No. 94-N-2575)**

_____

Submitted on the Briefs:[*]

David C. White, pro se, Delta, Colorado, on the brief for Plaintiff-Appellant.

Robert J. Loew and Marlene T. Gresh, Brighton, Colorado, on the brief for Defendants-Appellees.

_____

Before **BRORBY, EBEL** and **HENRY**, Circuit Judges.

_____

**BRORBY**, Circuit Judge.

_____

---

[*] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. _See_ Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Plaintiff David C. White, a Colorado state prisoner, brought this action pursuant to 42 U.S.C. § 1983, alleging Melanie Gregory, the Technical Services Manager at the Adams County Detention Facility, Penny Brown, the Director of the Adams County Detention Facility, and Sheriff Ed Camp violated his federal constitutional rights by denying his request for additional time in the jail's law library. A magistrate judge granted Mr. White leave to proceed *in forma pauperis* and ordered service of process. The magistrate judge subsequently issued a recommendation that the district court grant the defendants' motion for summary judgment. After reviewing the magistrate's recommendation and Mr. White's written objections thereto, the district court entered summary judgment in favor of the defendants. The district court gave the following reason for its decision:

> Having reviewed the materials attached to the motion for summary judgment, the magistrate judge suggests that those materials do not support any finding that the policies of the detention facility, taken as a whole, are unconstitutional. I agree. There is nothing in this record to indicate that the restrictions which defendants have placed on plaintiff's use of the library facilities are unreasonable ones.

This appeal followed.

# I

As a threshold matter, we must determine whether Mr. White is entitled to proceed *in forma pauperis* in the court of appeals. As noted above, the magistrate judge granted Mr. White leave to proceed *in forma pauperis* in district court. On May 24, 1995, Mr. White filed both a notice of appeal and a motion for leave to proceed *in forma pauperis* on appeal. *See* 28 U.S.C. § 1915(a); Fed. R. App. P. 24(a). The district court denied the motion and certified that the appeal was not taken in good faith. *See* 28 U.S.C. § 1915(a); Fed. R. App. P. 24(a). Mr. White then filed a motion in this court for leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a); Fed. R. App. P. 24(a).

2

Although Mr. White did not file his motion within thirty days after service of the district court's order certifying that the appeal was not taken in good faith, *see id.*, we will accept his motion as timely. *See* Fed. R. App. P. 26(b); 9 J. Moore, Federal Practice ¶ 224.02, p. 24-9, n. 13 (thirty-day period prescribed in Fed. R. App. P. 24(a) subject to enlargement under Fed. R. App. P. 26(b)).

Our handling of Mr. White's motion depends heavily on whether the recent amendments to 28 U.S.C. § 1915, enacted as part of the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, Title VIII, §§ 801-10, 110 Stat. 1321, ___, have any impact on Mr. White's fee status in this court. *See* Pub. L. No. 104-134, Title VIII, §§ 804-05, 110 Stat. at ___. Our review of the Act leads us to conclude the amendments to 28 U.S.C. § 1915 do not apply when, as in this case, the prisoner/appellant filed his notice of appeal before April 26, 1996, the date President Clinton signed the Act into law.[1] We therefore apply the law in effect prior to April 26, 1996, and consider whether Mr. White has demonstrated "a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991); *see Coppedge v. United States*, 369 U.S. 438, 445-48 (1962); *Ragan v. Cox*, 305 F.2d 58 (10th Cir. 1962). We conclude Mr. White has sustained this burden and grant his motion for leave to proceed *in forma pauperis*.

**II**

---

[1] We have no occasion to consider under what circumstances, if any, the amendments to 28 U.S.C. § 1915 apply if the prisoner commenced his action in district court *before* April 26, 1996, but filed notice of appeal *after* April 26, 1996.

We now turn to the merits of this appeal. Mr. White first contends the district court erred in granting summary judgment in favor of the defendants on his claim he was unconstitutionally denied access to the jail law library. We disagree. The sole basis of Mr. White's claim is that he was allowed to use the library only two hours per week. Prisoners are not entitled to unlimited access to the law library, *Petrick v. Maynard*, 11 F.3d 991, 994 (10th Cir. 1993); *Twyman v. Crisp*, 584 F.2d 352, 358 (10th Cir. 1978), and we agree with the district court's conclusion the limitation on Mr. White's access did not amount to a constitutional violation. Second, Mr. White contends the district court erred in failing to rule on his two motions to alter or amend the judgment. Mr. White is incorrect: the district court considered and denied his motions in a written order dated January 22, 1996. Finally, Mr. White contends "[t]he court should have added Ed Camp to the complaint because he was included in the initial complaint." Assuming Mr. White's position is that the district court somehow lost sight of or failed to address his claim against Sheriff Camp in its summary judgment order, we see no basis in the record for such a contention.

**AFFIRMED**.