UNITED STATES COURT OF APPEALS
**Filed 8/21/96**
TENTH CIRCUIT

JOSEPHINE BROWN,                          )
                                          )
    Plaintiff-Appellant,              )
                                          )
vs.                                       )          No. 96-1133
                                          )     (D.C. No. 94-M-1142)
ARISTEDES ZAVARAS and                     )          (D. Colo.)
ROBERT FURLONG,                           )
                                          )
    Defendants-Appellees.             )

ORDER AND JUDGMENT[*]

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges[**]

Plaintiff Josephine Brown claims to be "a woman trapped in a man's body."

Brown, then an inmate at the Limon Correctional Facility, filed this § 1983 action pro se

against prison officials alleging that the officials' refusal to provide him with estrogen

treatments constituted deliberate indifference to his medical needs in violation of the

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case therefore is ordered submitted without oral argument.

Eighth Amendment. See Supre v. Ricketts, 792 F.2d 958 (10th Cir. 1986). The district court dismissed Brown's Eighth Amendment claim for failure to state a cause of action under Fed. R. Civ. P. 12(b)(6). A panel of this Court reversed and remanded for a factual determination of whether prison officials' withholding of estrogen treatments from Brown constituted deliberate indifference to his medical needs. Brown v. Zavaras, 63 F.3d 967 (10th Cir. 1995). On remand, the district court granted prison officials' motion for summary judgment under Fed. R. Civ. P. 56. According to the district court, Brown had failed to refute evidence which prison officials presented indicating that they were in no way deliberately indifferent to Brown's medical needs. The evidence indicated that prison officials have transferred Brown to the San Carlos Correctional Facility to expedite his medical evaluation.

Brown appealed. The district court granted her motion to proceed on appeal in forma pauperis. 28 U.S.C. § 1915(a).[1] Our jurisdiction arises under 28 U.S.C. § 1291. Our review of a grant of summary judgment is de novo. Benne v. International Business Mach. Corp., 87 F.3d 419, 423 (10th Cir. 1996).

---

[1] Brown filed both his notice of appeal and motion to proceed in forma pauperis prior to the effective date of the recently enacted amendments to § 1915. Pub. L. No. 104-134, Title VIII, §§ 801-10, 110 Stat. 1321. Accordingly, we apply the law in effect prior to the amendments. White v. Gregory, 87 F.3d 429, 430 (10th Cir. 1996).

We have reviewed the parties' briefs, pleadings, affidavits, and entire record before us.  We agree with the district court substantially for the reasons set forth in its order granting the prison officials' motion for summary judgment.

AFFIRMED

Entered for the Court,


Bobby R. Baldock
Circuit Judge