## UNITED STATES COURT OF APPEALS

**Filed 8/27/96**

## TENTH CIRCUIT

_____

EARNEST WILLIAMSON, Jr.

    Plaintiff-Appellant,

v.

GARLAND CLARK; DON CROSS;
DEAN WORLEY; SHERRI SIMMS;
RICK TUCKER; R. MICHAEL
CODY; and MARY LIVERS,

    Defendants-Appellees.

No. 95-6456
(D.C. No. CIV-95-560-L)
(W.D. Okla.)

_____

## ORDER AND JUDGMENT[*]

_____

Before **BRORBY, EBEL** and **HENRY**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Earnest Williamson, Jr., an Oklahoma state prisoner proceeding *pro se*, brought this civil rights action pursuant to 42 U.S.C. § 1983, alleging the defendants violated his rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment by reassigning him from his position as a legal research assistant in the prison's new inmate Assessment and Reception Center to a position as a research assistant at the prison law library because he is black. A magistrate judge directed the defendants to prepare a special report pursuant to *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978). The defendants complied and also moved for summary judgment. The magistrate judge recommended that summary judgment be granted in the defendants' favor. The magistrate judge concluded, in light of the undisputed evidence, that the defendants had a legitimate, nondiscriminatory reason for reassigning Mr. Williamson, namely, that a prison employee had discovered Mr. Williamson had submitted a forged request for an appointment with a prison legal assistant on behalf of a female inmate. According to the magistrate judge, Mr. Williamson was reassigned to prevent him from using his position to harass female inmates. Mr. Williamson filed a timely objection to the report and recommendation. The district court overruled Mr. Williamson's objections and entered summary judgment in favor of the defendants. We grant Mr. Williamson's application to proceed *in forma pauperis*, *see White v. Gregory*, 87 F.3d 429 (10th Cir. 1996) (announcing standard for

granting leave to proceed *in forma pauperis* when, as in this case, notice of appeal was filed before effective date of the Prison Litigation Reform Act of 1995), and affirm.

Mr. Williamson first contends he was not allowed to conduct sufficient discovery and was therefore unable to oppose adequately the defendants' motion for summary judgment. Specifically, Mr. Williamson asserts the magistrate judge abused his discretion when he denied his request for a handwriting exemplar from Correctional Officer Sherri Simms, and that if he had been allowed to obtain and submit such an exemplar in opposition to the defendants' motion for summary judgment, he could have raised a genuine issue of material fact as to whether Ms. Simms forged the document the defendants assert he himself forged. Given the farfetched nature of Mr. Williamson's discovery request and the wide breadth of the magistrate judge's discretion over discovery matters, we find no abuse of discretion. Furthermore, given the rather dubious value of the handwriting exemplar Mr. Williamson sought, we cannot say the district court abused its discretion in ruling on the defendants' motion for summary judgment without first allowing Mr. Williamson to obtain such an exemplar. *See* Fed. R. Civ. P. 56(f) (if a party opposing a motion for summary judgment "cannot ... present by affidavit facts essential to justify the party's opposition, the court may refuse the

application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."); *International Surplus Lines Ins. Co. v. Wyoming Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (denial of Fed. R. Civ. P. 56(f) motion reviewed for abuse of discretion).

Second, Mr. Williamson contends the magistrate judge and the district court erred when they concluded the defendants had a legitimate reason for reassigning him. We reject Mr. Williamson's contention for two reasons. First, like his objection to the report and recommendation, Mr. Williamson's brief in this court fails to identify any evidence sufficient to raise a genuine issue of material fact. Second, we, like the district court, have reviewed the record de novo and agree with the magistrate judge's conclusion there is undisputed evidence that the defendants had a legitimate, nondiscriminatory reason for reassigning Mr. Williamson, namely, that the defendants were informed by a reliable source that he had forged a request for an appointment on behalf of a

female inmate, and that such behavior could lead the defendants to believe Mr. Williamson might use his position to harass female inmates.

**AFFIRMED.**

**Entered for the Court**

**WADE BRORBY**
United States Circuit Judge