UNITED STATES COURT OF APPEALS
**Filed 11/5/96**
FOR THE TENTH CIRCUIT

KEVIN LACEY,

      Plaintiff-Appellant,

v.

CITY OF CASPER, WYOMING;
JUDGE HARRY LEIMBACK,
individually, and in his official
capacity as Judge, Seventh Judicial
District, Natrona County, Wyoming;
NATRONA COUNTY, WYOMING;
MIKE BLONIGEN, individually, and
in his official capacity as Natrona
County Deputy District and
Prosecuting Attorney; DAVE
ANDERSON, individually, and in his
official capacity as Casper Police
Department Officer; WYATT
SKAGGS, individually, and in his
official capacity as Wyoming Public
Defender; NANCY JOHNSON,
individually, and in her official
capacity as Wyoming Public
Defender's Office, Crime Victims
Compensation Commission, Casper;
GLORIA STEWART; SHARON COX;
DIANE STEWART,

      Defendants-Appellees

No. 95-8072
(D.C. No. 95-CV-145)
(D. Wyo.)

ORDER AND JUDGMENT[*]

---

Before BRISCOE and MURPHY, Circuit Judges, and VAN BEBBER,[**] District Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff-appellant Kevin Lacey appeals from the district court's order dismissing his civil rights complaint as frivolous under 28 U.S.C. § 1915(d).[1] Appellant contends that his complaint was not frivolous, because it alleged the following violations of his civil rights:

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    Honorable G. Thomas Van Bebber, Chief Judge, United States District Court for the District of Kansas, sitting by designation.

[1]    Although it dismissed his complaint as frivolous, the district court granted appellant leave to proceed in forma pauperis in this appeal. Both the notice of appeal and the district court's order were entered prior to enactment of the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996), and so the Act's amendments to 28 U.S.C. § 1915 do not apply here. White v. Gregory, 87 F.3d 429, 430 (1996).

(1) The defendants conspired to convict him of kidnaping and aggravated assault and battery in violation of the Double Jeopardy Clause;

(2) The defendants conspired to introduce, and introduced, perjured testimony in support of his conviction;

(3) His public defender was ineffective and negligent, and defamed him and prejudiced his defense by making comments adverse to him both in court and in interviews with a newspaper reporter;

(4) The defendants subjected him to search and seizure which was illegal because of the double jeopardy violation;

(5) The defendants conspired to seal the record of appellant's prior restraining order proceeding in order to allow him to be convicted in violation of the Double Jeopardy Clause; and

(6) The state court judge assigned to his case erred in rulings made during his trial, and made comments prejudicial to the defense.

Courts may dismiss in forma pauperis complaints as "frivolous" if they rely on "inarguable legal conclusion[s]" or "fanciful factual allegation[s]." Neitzke v. Williams, 490 U.S. 319, 325 (1989). We review the district court's dismissal for frivolousness for abuse of discretion. Green v. Seymour, 59 F.3d 1073, 1077 (10th Cir. 1995).

Appellant fails to set forth in his complaint any facts which would support his wide-ranging conspiracy claims. See id. His allegation that the defendants knew that his prosecution for assault and kidnaping was a violation of the Double Jeopardy Clause, and acted on this knowledge by conspiring against him, is utterly unfounded. See United States v. Ursery, 116 S. Ct. 2135, 2142 (1996)(action taken against offender under remedial statute is not "punishment" which can form the basis for a double jeopardy violation).

Moreover, appellant's claims that he was convicted by use of perjured testimony or in violation of the Double Jeopardy Clause are not cognizable in this § 1983 action. He fails to show that his underlying conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 114 S. Ct. 2364, 2372 (1994). We note that the Wyoming Supreme Court has rejected appellant's claim that his conviction was obtained by the use of perjured testimony. See Lacey v. State, 803 P.2d 1364, 1369 (Wyo. 1990).

A public defender who performs a lawyer's traditional function as counsel to a defendant in a criminal proceeding is not acting "under color of law" for

purposes of § 1983. <u>Polk County v. Dodson</u>, 454 U.S. 312, 325 (1981). The conduct complained of by appellant's public defender falls within this rule.[2]

The state court judge had absolute immunity for his actions, unless they were nonjudicial, or taken in the complete absence of all jurisdiction. <u>Mireles v. Waco</u>, 502 U.S. 9, 11-12 (1991). The rulings and comments made during appellant's trial, as described by appellant in his complaint and explained in his brief, do not meet this standard.

We conclude that the district court did not abuse its discretion in dismissing appellant's complaint as frivolous under § 1915(d). The judgment of the United States District Court for the District of Wyoming is AFFIRMED. Appellant's motion to strike defendants' brief is DENIED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

---

[2] Appellant alleges, for the first time on appeal, that his public defender made adverse comments to a newspaper reporter. This claim was not part of his complaint, and we do not consider it in assessing frivolousness.