**UNITED STATES COURT OF APPEALS**
**Filed 12/10/96**
**TENTH CIRCUIT**

RONALD DEL RAINE,

      Plaintiff - Appellant,

v.

MIKE W. NELSON, Foreman,
UNICOR, U.S. Penitentiary
Leavenworth,

      Defendant - Appellee.

No. 96-3129
(D.C. No. 95-3124-RDR)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **EBEL**, and **HENRY**, Circuit Judges.[**]

Plaintiff - Appellant Ronald Del Raine ("Del Raine") is serving an

aggregate prison term of 209 years in the United States Penitentiary,

Leavenworth, Kansas ("USP"). The facts of this case arise from Del Raine's

employment in the Print Factory at USP, where he works under the defendant,

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Michael W. Nelson. On January 24, 1995, after finding Del Raine asleep during a scheduled break, Nelson ordered Del Raine to take his breaks only in the designated break room. The designated break room is used by smokers, and Del Raine claims to be allergic to second hand smoke. Del Raine filed a civil rights action in the United States District Court for the District of Kansas claiming his Eighth Amendment right to be free from cruel and unusual punishment was violated when he was forcibly exposed to passive smoke despite defendant's knowledge of his medical condition. The District Court granted Nelson's motion for summary judgment on two grounds: first, Nelson allowed Del Raine to leave the designated break room when smokers were present; second, Del Raine could not show an actual medical injury resulting from his exposure to second hand smoke. Del Raine now appeals.[1]

We disagree with the district court's holding that there was no evidence indicating that Del Raine was forced to stay in the designated break room when smokers were present; however, we agree with the district court's determination

---

[1] We grant Del Raine's request to proceed *in forma pauperis* on appeal, notwithstanding the district court's denial of this request. Because Del Raine filed his notice of appeal on August 11, 1996, prior to the enactment of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996), the Act's amendments to 28 U.S.C. § 1915 do not apply here. White v. Gregory, 87 F.3d 429, 430 (10th Cir.), cert. denied, No. 96-6330, 1996 WL 604229 (U.S. Dec. 2, 1996).

that Del Raine has not shown an actionable injury.  Accordingly, we AFFIRM the judgment of the district court.

## DISCUSSION

We review the district court's grant of summary judgment de novo, applying the same legal standard used by the district court pursuant to Fed. R. Civ. P. 56(c).  Wolf v. Prudential Ins. Co., 50 F.3d 793, 796 (10th Cir. 1995).  If we determine that there is a genuine dispute of material fact between the parties, summary judgment is inappropriate.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

### A.    Issue of Material Fact

In support of his motion for summary judgment, Nelson provided the district court with a sworn affidavit indicating that he ordered Del Raine to take his breaks in the designated break room only when smokers were not present. Nelson claims that after learning of Del Raine's medical condition,  he told Del Raine that he could take his breaks in other areas as long as he was in plain view of supervising staff.

In response to Nelson's motion for summary judgment, Del Raine provided a sworn declaration indicating that Nelson never told him that he could take

breaks outside of the designated break room when smokers were present. Del Raine asserts that after he advised Nelson that his medical condition prohibited him from being around passive smoke, Nelson declared that Del Raine was required to take his breaks in the designated break room.

The district court held that summary judgment was appropriate because there was "no evidence that Del Raine was forcibly exposed to passive smoke" and because it was "clear that Del Raine was afforded alternatives which would not require him to use the break area at a time when other inmates were smoking there." (Order, at 3). In other words, the district court rejected Del Raine's testimony and adopted Nelson's testimony wholesale. We have held that in reviewing a grant of summary judgment, "we examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment." Wolf v. Prudential Ins. Co., 50 F.3d 793, 796 (10th Cir. 1995).

Although we allow prison officials to make a factual report on whether a prisoner's allegations have any factual or legal basis, in summary judgment proceedings a court is unauthorized to accepts the factual findings of prison officials if the prisoner has presented conflicting evidence. Northington v. Jackson, 973 F.2d 1518, 1521 (10th Cir. 1992). Accordingly, the district court erred in determining that there was no material issue of fact.

**B.    Actionable Injury**

The Supreme Court has determined that prison officials may impose a *de minimis* level of inconvenience on prisoners without violating the Eighth Amendment.  Bell v. Wolfish, 441 U.S. 520, 539 n. 21 (1979).   Assuming, as we must, that Del Raine's version of the facts is correct, he must still produce evidence of an actual medical injury to survive summary judgment.  Del Raine has not produced such evidence.  Accordingly, summary judgment is appropriate in this case.

## CONCLUSION

For the reasons stated above, we AFFIRM the judgment of the district court.  The mandate shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge