# UNITED STATES COURT OF APPEALS

**Filed 12/10/96**

## TENTH CIRCUIT

---

STEVEN JAMES WHITE,

      Petitioner - Appellant,

v.

ROBERT D. HANNIGAN and
ATTORNEY GENERAL OF
KANSAS,

      Respondents - Appellees.

No. 96-3172
(D.C. No. 94-3155-DES)
(D. Kan.)

---

## ORDER AND JUDGMENT[*]

---

Before **BRORBY**, **EBEL**, and **HENRY**, Circuit Judges.[**]

      This matter is before the court on Petitioner Steven White's application for

a certificate of appealability to appeal the district court's denial of his 28 U.S.C.

---

      * This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

      ** After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

§ 2254 petition for writ of habeas corpus.[1]  Because we determine that Petitioner

has failed to demonstrate a substantial showing of a denial of constitutional right,

we deny Petitioner's application and dismiss the appeal.


**DISCUSSION**

Section 102 of the Antiterrorism and Effective Death Penalty Act of 1996

amended 28 U.S.C. § 2253 to provide:

> (c)(1)Unless a circuit justice or judge issues a certificate of
> appealability, an appeal may not be taken to the court of appeals
> from --
>
> > (A)  the final order in a habeas corpus proceeding in
> > which the detention complained of arises out of process
> > issued by a state court; or
> > (B)  the final order in a proceeding under Section 2255.
>
> (2)  A certificate of appealability may issue under paragraph (1) only
> if the applicant has made a substantial showing of the denial of a
> constitutional right.
>
> (3)   The certificate of appealability under paragraph (1) shall
> indicate which specific issue or issues satisfy the showing required
> by paragraph (2).

---

[1] We grant Petitioner's request to proceed *in forma pauperis* on appeal, notwithstanding the district court's denial of this request.  Petitioner should note that because this appeal was filed after April 26, 1996, the recently enacted Prison Litigation Reform Act of 1995 ("PLRA") is applicable. See White v. Gregory, 87 F.3d 429 (10th Cir.), cert. denied, No. 96-6330, 1996 WL 604229 (U.S. Dec. 2, 1996).  Thus, petitioner will be assessed for his filing fee in accordance with the partial payment plan described in § 1915(b) of PLRA.  See PLRA § 804, 28 U.S.C.A. § 1915(b), Pub. L. No. 104-134, 110 Stat. 1321, 1321-66 to 1321-77 (1996).

Pub.L. No. 104-132, tit. I, § 102, 110 Stat. 1214 (1996) (to be codified at 28 U.S.C. § 2253(c)). We have held that the provisions of Section 102 are applicable to all pending cases, regardless of whether the case was brought before April 24, 1996, the date when the Anti-Terrorism Act was signed into law. Lennox v. Evans, 87 F.3d 431 (10th Cir. 1996).

In his petition for a writ of habeas corpus, petitioner alleges: (1) the trial court's failure to apply Kansas's newly enacted sentencing guidelines violated the Equal Protection Clause of the Fourteenth Amendment; (2) the trial court erred in failing to instruct properly on an intoxication defense; (3) there was insufficient evidence to support a guilty verdict; (4) he was denied effective assistance of counsel; (5) the trial court erred in refusing to sever his trial from that of a co-defendant; and (6) his sentence constituted double jeopardy.

The district court thoroughly analyzed petitioner's contentions and denied his petition for a certificate of appealability. We have reviewed the district court's order, petitioner's brief and application for a certification of appealability, and the entire record before us. We conclude that petitioner has failed to make a "substantial showing of the denial of a constitutional right" for substantially the reasons set forth in the district court's order. Accordingly, we DENY Petitioner's

application for a certificate of appealability and DISMISS the appeal.  The

mandate shall issue forthwith.


ENTERED FOR THE COURT


David M. Ebel
Circuit Judge