F I L E D
United States Court of Appeals
Tenth Circuit

MAR 24 1997

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOHNNY E. LEE,

      Plaintiff-Appellant,

v.

LARRY A. FIELDS; MICHAEL W.
CARR; HENRY TURNER,

      Defendants-Appellees.

No. 95-6414
(D.C. No. CV-95-207)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY, EBEL** and **KELLY**, Circuit Judges.

      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

     [*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Johnny E. Lee (Mr. Lee), appearing *pro se*, appeals the district court's order of October 24, 1995, granting the defendants' motion for summary judgment on his civil rights complaint.[1]

Mr. Lee is currently an Oklahoma state prisoner. On February 9, 1995, he initiated this action pursuant to 42 U.S.C. § 1983, alleging the defendants violated his constitutional rights by transfering him from a minimal security facility to a medium security facility within Oklahoma without holding a hearing.[2] On September 26, 1995, the magistrate judge recommended the defendants' motion for summary judgment be granted on the grounds that Mr. Lee's claims were without merit. On October 24, 1995, the district court adopted the Report and Recommendation of the magistrate judge, granted defendants' motion for summary judgment, and denied Mr. Lee's motion to amend his complaint.

---

[1] Mr. Lee filed his notice of appeal on November 13, 1995, prior to the effective date of the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996). Therefore, the Act does not apply. *See White v. Gregory*, 87 F.3d 429, 430 (10th Cir.), *cert. denied*, 117 S. Ct. 528 (1996).

[2] On September 13, 1994, Mr. Lee was transferred from the Jess Dunn Correctional Center in Taft, Oklahoma, a minimum security facility, to the maximum security unit of the Oklahoma State Penitentiary in McAlester, Oklahoma. On September 19, 1994, he was moved to the Lexington Correctional Center in Lexington, Oklahoma, a medium security facility, where he currently resides.

On appeal, Mr. Lee contends (1) his liberty interests and constitutional rights to due process and equal protection were violated when he was transfered from a minimum security facility to a medium security facility within Oklahoma;[3] (2) he was deprived of a full and fair hearing by the district court's denial of his discovery motion; and (3) the district court abused its discretion in granting summary judgment in favor of defendants.

In *Meachum v. Fano*, 427 U.S. 215, 216 (1976), the Supreme Court held:

> The Due Process Clause of the Fourteenth Amendment [does not entitle] a state prisoner to a hearing when he is transferred to a prison the conditions of which are substantially less favorable to [the prisoner], absent a state law or practice conditioning such transfers on proof of serious misconduct or the occurrence of other specified events.

*See also Montanye v. Haymes*, 427 U.S. 236, 242 (1976) ("[T]he Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight. The Clause does not require hearings in connection with transfers whether or not they are the result of the inmate's misbehavior or may be labeled as disciplinary or punitive."). Mr. Lee fails to cite any state regulations creating any such requirement. *See Twyman v. Crisp*, 584 F.2d 352, 356-57 (10th Cir. 1978) (Department of Corrections' regulations and Oklahoma law regarding

---

[3] Although Mr. Lee renews his equal protections allegation on appeal, he provides no arguments or facts in support thereof. Accordingly, we will not consider his allegation further.

intra-state prison transfers and change of security status make such decisions discretionary within general guidelines, and no due process rights exist that give rise to a right to judicial review).  Therefore, even liberally construing Mr. Lee's appeal, it is evident his claims against the defendants lack an arguable legal basis and are, thus, frivolous under 28 U.S.C. § 1915(d).  *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("an appeal on a matter of law is frivolous where '[none] of the legal points [are] arguable on their merits.'"  (Quoting *Anders v. California*, 386 U.S. 738, 744 (1967))).  Additionally, we holdl Mr. Lee's remaining arguments are equally frivolous.

For the reasons set forth above, Mr. Lee's motion for leave to proceed *in forma pauperis* is **DENIED** and this appeal is **DISMISSED**.

**Entered for the Court**

**WADE BRORBY**
United States Circuit Judge

-4-