**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 6 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

CHARLES GRANT CAMPBELL,

    Defendant-Appellant.

Case No. 97-4172
(D.C. No. 94-CV-134)
(District of Utah)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **KELLY**, and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Charles Grant Campbell appeals the district court's dismissal of his first 28 U.S.C. § 2255 petition in which he claims he improperly received a two-point acceptance of responsibility reduction in his offense level rather than the requisite

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

three-point reduction. Mr. Campbell argues, somewhat paradoxically, that the sentencing court, which granted him a sentence reduction (apparently using Fed. R. Crim. P. 36), was without jurisdiction to do so. Thus, he argues that we must remand for re-sentencing. Mr. Campbell also asks that we allow him to amend his first § 2255 petition to state an ineffective assistance of counsel claim that he would have sought to raise by amending this petition, had he known it was still pending.

**A.     Mr. Campbell pleads guilty and is sentenced incorrectly.**

Mr. Campbell pled guilty to nine counts of bank robbery and related charges in contravention of 18 U.S.C. § 2113 and accepted responsibility for his crimes. The 1992 edition of the Guidelines afforded Mr. Campbell a three-level reduction for acceptance of responsibility, see U.S.S.G. § 3E1.1 (1992), but the probation officer preparing the presentence report (PSR) mistakenly used the 1991 edition, which gave Mr. Campbell only a two-level reduction. At Mr. Campbell's sentencing hearing on December 2, 1992, none of the parties objected to the incorrect PSR, and the district court adopted its recommendations, sentencing Mr. Campbell to 120 months imprisonment--ten months longer than provided by the correct year's Guidelines. Mr. Campbell did not file a direct appeal.

**B.     The district court attempts, unsuccessfully, to correct the sentence, but doesn't tell Mr. Campbell.**

On June 22, 1993, more than six months after it sentenced Mr. Campbell, the district court, apparently sua sponte, signed an Amended Judgment in a Criminal Case which adjusted Mr. Campbell's sentence from 120 to 110 months imprisonment.  The district court did not inform Mr. Campbell that it had taken this action.

**C.     Mr. Campbell discovers the error in his sentence and files this habeas petition, which is referred to the magistrate.**

On February 7, 1994, after discovering the error in his sentence, Mr. Campbell filed the instant § 2255 petition.  He alleged, among other claims, ineffective assistance of counsel because his attorney did not object to the clearly incorrect PSR.  On February 10, 1994, the sentencing judge referred the petition to the magistrate judge, who did not act upon it until July 28, 1997, some three-and-a-half years later.

**D.     The district court sends Mr. Campbell a letter informing him he had already received the relief sought in this habeas petition.**

While this habeas petition was pending with the magistrate judge, the district court sent Mr. Campbell a letter dated June 12, 1995, which reads:

In response to [your § 2255] [p]etition, I enclose a certified copy of the Amended Judgment in a Criminal Case, signed by me on June 22, 1993 . . . . As you can see, this includes a term of one hundred ten (110) months imprisonment. It is the final judgment of this court, and it resolves all post-judgment proceedings you have filed since you were sentenced on 12/2/92.

**E.      Mr. Campbell, unaware that this petition is still pending, files his "second" habeas petition.**

Believing that the June 12, 1995, letter from the district court was a valid order disposing of his previously filed petition, Mr. Campbell did not seek to amend that petition. Rather, on April 7, 1997, Mr. Campbell filed a second § 2255 petition seeking to attack his sentence on a new ground: that his counsel had been ineffective for failing to request a downward departure based on the fact that Mr. Campbell had voluntarily confessed to participating in six bank robberies of which the government had previously been unaware.

**F.      Our Court, unaware that the first petition was still pending, treated Mr. Campbell's intervening petition as a second or successive petition.**

Because the district court believed Mr. Campbell's petition to be a second or successive petition, it transferred the petition to this Court for certification pursuant to §§ 2255 and 2244(b)(3) on April 22, 1997. We denied the certificate on June 5, 1997, because Mr. Campbell did not meet his burden of showing "that the claims [presented] rely on either newly discovered evidence or a new rule of

constitutional law made retroactive by the Supreme Court. . . . [He] was aware of the . . . [issue raised in this petition] when he filed his first motion." Order filed June 5, 1997, in No. 97-625 (emphasis added).

**G.     Mr. Campbell's first habeas petition reappears when the magistrate judge issues a report and recommendation denying it in part and granting it in part.**

On July 28, 1997, more than three-and-a-half years after the petition had been referred to him, the magistrate judge reported that Mr. Campbell's claim of ineffective assistance of counsel was not procedurally barred and that the government conceded that Mr. Campbell's counsel was in error in failing to object to the PSR. The magistrate judge recommended that the district court grant Mr. Campbell's petition in part and order a re-sentencing hearing, that Mr. Campbell be allowed to attend the hearing pursuant to the dictates of Fed. R. Crim. P. 43(a), and that the probation office prepare a corrected PSR for use at the hearing. The magistrate judge recommended denial of Mr. Campbell's other asserted grounds for relief.

**H.     The government objects, and the magistrate agrees.**

The government objected to the magistrate judge's recommendation, pointing to the sentencing court's June 1993 letter and its amended judgment.

The government claimed the letter and the corrected judgment mooted the magistrate judge's only ground for recommending that the district court grant Mr. Campbell's petition. After reviewing the government's objection and the district court's letter and amended judgment, the magistrate judge changed his recommendation to advise that Mr. Campbell's § 2255 petition be denied in its entirety.

**J.      Mr. Campbell objects (in part), and the district court disagrees.**

Mr. Campbell objected, arguing that the sentencing court's letter did not state the reason it reduced his sentence, that the amendment to his sentence was tardy under Fed. R. Crim. P. 35(c), and that Fed. R. Crim. P. 43(a) required his presence at the imposition of sentence, making the district court's sua sponte reduction of his sentence procedurally defective. Mr. Campbell did not object to the rest of the magistrate judge's report.

The district court rejected Mr. Campbell's arguments and denied his petition pursuant to the magistrate judge's recommendation. The district court stated that

> [the sentencing judge's] correction remedied the oversight in the
> presentence report. Rule 36 of the Rules of Criminal Procedure
> allows the court to correct, at any time, errors in the record arising
> from oversight or omission. [The sentencing judge] made such a
> correction, which reduced [Mr. Campbell's] sentence and effectively

awarded [him] the relief he is seeking. This oversight correction does not require the presence of [Mr. Campbell] under Rule 43.

**K.    Mr. Campbell appeals; the government concedes error; and we agree.**

Mr. Campbell appeals the district court's denial of his "first" § 2255 petition and also seeks to amend the petition in order to include his "second" petition's ineffective assistance claim based upon his counsel's failure to request a downward departure.

The government now concedes that according to the dictates of United States v. Blackwell, 81 F.3d 945 (10th Cir. 1996), we must reverse the district court. See Aple's Br. at 8-9. We agree. See Blackwell, 81 F.3d at 948-49 (holding that a district court does not have jurisdiction to correct substantively a sentence under Fed. R. Crim. P. 36). The government also concedes that "[a]lthough the district court did not claim to rely on Fed. R. Crim. P. 35[,] . . . the Amended Judgment was issued at a time when Rule 35 jurisdiction did not apply." See Aple's Br. at 9 n.2. Again, we agree. See Blackwell, 81 F.3d at 948 (holding that a district court does not have jurisdiction to correct substantively a sentence sua sponte under Fed. R. Crim. P. 35 if seven days have passed since imposition of sentence). Thus, because the sentencing court did not have jurisdiction, under either Rule 35 or 36, to amend Mr. Campbell's sentence in June of 1993, its amended sentence is void. See id. Having discovered everyone

in agreement that Mr. Campbell's amended 110-month sentence is not valid, we must now decide what to do about his improper 120-month sentence.

**L.    We grant Mr. Campbell's petition, in part, and remand for consideration of amending the petition with his second.**

First, we clear away some procedural issues by (1) noting that the AEDPA and PLRA do not apply to this § 2255 petition, which was filed in 1994, see United States v. Kunzman, 125 F.3d 1363, 1364-65 n.2 (10th Cir. 1997), cert. denied, 1998 WL 86544 (Mar. 30, 1998), (2) granting Mr. Campbell's motion to proceed in forma pauperis because he has demonstrated "'a financial inability to pay the required filing fees and the existence of a reasoned, non-frivolous argument on the law and facts in support of'" his appeal, White v. Gregory, 87 F.3d 429, 430 (10th Cir.), cert. denied, 117 S. Ct. 528 (1996) (quoting DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991)), and (3) awarding Mr. Campbell a certificate of probable cause because he has made a substantial showing of the denial of his federal right to effective assistance of counsel, see Strickland v. Washington, 466 U.S. 668, 687 (1984); Barefoot v. Estelle, 463 U.S. 880, 893 (1983).  However, we limit the scope of the certificate of probable cause.  The magistrate judge warned the parties that failure to object to his recommendations could result in waiver of objections on subsequent review.  Mr. Campbell, though, only objected to the magistrate's conclusion regarding his

sentencing under the 1991 Guidelines. Thus, he preserved for review only the issue of ineffective assistance of counsel for failure to object to the PSR's use of the wrong year's Guidelines, see Talley v. Hesse, 91 F.3d 1411, 1412 (10th Cir. 1996), and that is the only issue upon which we grant the certificate.

Second, we remand to the district court for consideration of whether Mr. Campbell should be allowed to amend this petition with the claim presented in his second petition. We do this out of fairness. The sentencing court specifically informed Mr. Campbell that its letter disposed of this petition, and Mr. Campbell relied on that letter when filing his later petition rather than attempting to amend this one. Additionally, our Order that denied his petition as successive specifically noted that he knew of the issues raised in his second petition when he filed his first; of course, unbeknownst to everyone involved with his second petition, his first petition was still pending.

Third, we stress that we are saying nothing about the merits of the issue presented in Mr. Campbell's second petition; nor are we suggesting that the district court grant Mr. Campbell leave to amend. However, we think it unfair to subject Mr. Campbell's claim to the much more rigorous successive petition standards, see Stafford v. Saffle, 34 F.3d 1557 (10th Cir. 1994) ("A district court should apply Fed. R. Civ. P. 15(a) to decide whether to allow an amendment [to a habeas petition]."); Fed. R. Civ. P. 15(a) ("leave [to amend a pleading] shall be

freely given when justice so requires"), when the reason he did not move to amend may be because he was misinformed by the court.

Thus, we reverse and remand for the district court to consider Mr. Campbell's request to amend this habeas petition with the claim raised in his later habeas petition. After the district court has passed on Mr. Campbell's motion to amend, it should rule on his petition in the first instance and, in so doing, correct the sentence with respect to the erroneously applied 1991 acceptance of responsibility guideline.

In concluding, we would like to thank the parties for their efforts to clarify the difficult procedural issues raised in this appeal. We commend the government's attorney, Mark K. Vincent, for acting as a forthright officer of this Court by recognizing and conceding errors made throughout the process of sentencing Mr. Campbell. And we thank Mr. Campbell for presenting us with clear, concise, and well-written pro se briefs. We compliment the parties in the hopes of encouraging others to follow their good example. The mandate shall issue forthwith.

Entered for the Court,


Robert H. Henry
Circuit Judge