**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 6 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MARVIN BISHOP,

     Plaintiff-Appellant,

v.

SGT. DISCHNER, LT. GLIDEWELL,
P.A. NOLAN, and DR. NEUFELD, in
their individual and official capacities,

     Defendants-Appellees,

and

LT. BELL, WARDEN ATHERTON,
DR. MCGARRY and EXEC. DIR.
ZAVARAS, in their individual and
official capacities,

     Defendants.

No. 00-1431
(D.C. No. 99-B-298)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **KELLY** and **LUCERO**, Circuit Judges.

---

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-Appellant Marvin Bishop ("Mr. Bishop") filed a prisoner's civil rights complaint ("Complaint") pursuant to 42 U.S.C. § 1983 on February 2, 1999, alleging that various prison officials violated his Eighth Amendment rights when a prison guard deliberately injured Mr. Bishop's hand and other officials failed immediately either to treat his hand or to investigate the incident. After the District Court for the District of Colorado dismissed Bishop's claims,[1] Mr. Bishop filed notice of appeal and a motion to proceed on appeal in forma pauperis ("IFP"). The district court denied Mr. Bishop's IFP request based upon the "three strikes" provision of 28 U.S.C. § 1915(g),[2] which states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). (See Bishop v. Dischner, et al., No. 99-B-298, slip op. at 2-3 (D. Colo. Dec. 5, 2000) (Order).) The district court determined that Mr. Bishop

---

[1] On September 1, 2000, the district court dismissed Mr. Bishop's claims of excessive force and deliberate indifference pursuant to Federal Rule of Civil Procedure 12(b)(6). Mr. Bishop's other claims, which had been brought against several supervisory personnel at the prison, had been previously dismissed as legally frivolous under 28 U.S.C. § 1915(e)(2)(B).

[2] 28 U.S.C. § 1915 is the federal statute setting forth the requirements for all prisoners seeking to proceed with federal court actions in forma pauperis.

was subject to the "three strikes" provision of § 1915(g) based upon his three prior filings of actions later dismissed as legally frivolous.  (See id. (citing Bishop v. Pearsons, No. 95-S-1183 (D. Colo. Aug. 7, 1995) (dismissed as legally frivolous); Bishop v. Colorado Dep't of Corr., No. 98-D-171 (D. Colo. July 9, 1998), aff'd, Nos. 98-1294, 98-1296, 1999 WL 46688 (10th Cir. Feb. 3, 1999), cert. denied, 119 S. Ct. 2346 (1999) (dismissed as legally frivolous); Bishop v. Romer, No. 98-D-1238 (D. Colo. July 9, 1998), aff'd, Nos. 98-1294, 98-1296, 1999 WL 46688 (10th Cir. Feb. 3, 1999), cert. denied, 119 S.Ct. 2346 (1999) (dismissed as legally frivolous).)[3]

After receiving Mr. Bishop's notice of appeal, but not the required $105.00 appellate filing fee, this court issued an order dated October 26, 2000, instructing Mr. Bishop to "show cause in writing within twenty days of the date of this order why 1) the appeal should not be dismissed for failure to prepay the entire filing fee as required by 28 U.S.C. § 1915(g), or 2) why the provisions of the Prison Litigation Reform Act do not apply to this proceeding."[4]  (See Bishop v.

---

[3]  Although these two actions were ultimately combined for purposes of appellate resolution, they count as two separate civil actions for purposes of the "three strikes" provision of § 1915(g).  (See Bishop v. Romer, Nos. 98-1294, 98-1296, 172 F.3d 62, 1999 WL 46688, at **3 (10th Cir. Feb. 3, 1999) (unpublished opinion) ("We conclude Mr. Bishop's two appeals count as two prior occasions for the purposes of 28 U.S.C. § 1915(g).").)

[4]  Subsequent to our order to show cause, Mr. Bishop filed with this court a second application for leave to proceed on appeal in forma pauperis. (See

(continued...)

Dischner, et al., No. 99-1431, slip op. at 2-3 (10th Cir. Oct. 26, 2000).)  Again, this order was based upon the "three strikes" provision of § 1915(g) and Mr. Bishop's three previous federal court filings which were dismissed as legally frivolous. (See id., slip op. at 2.)

In response, Mr. Bishop did not contest that he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted." See 28 U.S.C. § 1915(g).  Further, Mr. Bishop did not argue that he falls within the expressly stated exception to the "three strikes" provision, i.e., that he is "under imminent danger of serious physical injury." Id.  Instead, Mr. Bishop offered three alternate arguments for why he believes he should not be bound by the "three strikes" provision of § 1915(g): (1) his current claim is meritorious; (2) section 1915(g) is unconstitutional; and (3) section 1915(g) does not apply to the appeals process.  We find these arguments unconvincing.

First, the merits of Mr. Bishop's claims are irrelevant to a determination of whether the "three strikes" provision bars him from proceeding on appeal in forma pauperis.  The "three strikes" provision is a filing prerequisite and must be

[4](...continued)
Prisoner's Motion and Affidavit for Leave to Proceed on Appeal Pursuant to 28 U.S.C. § 1915 and Fed. Rule App. P. 24 (filed Dec. 1, 2000).)

applied whenever it is deemed appropriate under the express terms of the statute,[5] regardless of whether the underlying claims may be meritorious.

Second, Mr. Bishop's argument that § 1915(g) is unconstitutional because it violates the First Amendment, and the Equal Protection and Due Process Clauses of the Fourteenth Amendment, is squarely foreclosed by this court's opinion in White v. Colorado, 157 F.3d 1226, 1232-33 (10th Cir. 1998) (rejecting prisoner's equal protection and due process challenges to § 1915(g), both of which were founded upon a First Amendment claim of right of access to the courts). See also Carson v. Johnson, 112 F.3d 818, 821 (5th Cir. 1997) (noting that § 1915(g) "does not prevent a prisoner with three strikes from filing civil actions; it merely prohibits him from enjoying [in forma pauperis] status") (rejecting right of access, due process and equal protection challenges); cf. Roller v. Gunn, 107 F.3d 227, 231 (4th Cir. 1997) ("Congress is no more compelled to guarantee free access to federal courts than it is to provide unlimited access to

---

[5] Mr. Bishop could avoid the prepayment of filing fees requirement of § 1915(g) if: (1) he did not, in fact, have "three strikes"; (2) he alleged an "imminent danger of serious physical injury," see White v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir. 1998); (3) he was not appealing a civil action as defined by the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, §§ 804-810, 110 Stat. 1321 (April 26, 1996), and subsequent cases; (4) he was not currently incarcerated as defined in 28 U.S.C. § 1915(h); or (5) his notice of appeal was filed before the enactment date of the PLRA, see White v. Gregory, 87 F.3d 429, 430 (10th Cir. 1996). None of these exceptions apply to this case.

them.") (rejecting prisoner's free access to the courts constitutional challenge to 28 U.S.C. §§ 1915(b)(1), (b)(2), (b)(4)).

To the extent that Mr. Bishop challenges § 1915(g) on Seventh Amendment grounds, which we interpret as an argument that he is entitled to a jury trial on these claims, we note that a plaintiff's right to a civil jury trial exists only where there is a genuine issue of fact to be determined. See Parklane Hosiery Co. v. Shore, 439 U.S. 322, 336 (1979); Ex Parte Peterson, 253 U.S. 300, 310 (1920) ("No one is entitled in a civil case to trial by jury, unless and except so far as there are issues of fact to be determined."). The district court dismissed each of Mr. Bishop's claims as insufficient as a matter of law. Although we cannot at this juncture review the merits of Mr. Bishop's claims, we find untenable Mr. Bishop's argument that his claims may nevertheless eventually give rise to a genuine issue of material fact, such that applying the "three strikes" provision of § 1915(g) would deny him a right to a jury trial in this civil case. Cf. Christensen v. Ward, 916 F.2d 1462, 1466 (10th Cir. 1990) (noting that the proper dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6) does not violate the Seventh Amendment).

Third, Mr. Bishop's argument that § 1915(g) does not apply to the appeals process is contradicted by the plain language of the statute, which states that in forma pauperis status shall not be granted to a prisoner who seeks to "bring a civil

action or appeal a judgment in a civil action" after previously garnering "three strikes" for frivolous filings in the federal courts.

For the foregoing reasons, we determined that § 1915(g) precluded us from granting Mr. Bishop's request to proceed in forma pauperis on appeal. Accordingly, on July 11, 2001, we advised Mr. Bishop of our decision and ordered him to pay the full $105.00 appellate filing fee within twenty (20) days or face dismissal of this appeal. Instead of paying the filing fee, Mr. Bishop filed a motion to reconsider our July 11, 2001, order. We have reviewed Mr. Bishop's motion and find that he has not presented us with any reason to reconsider our earlier conclusion that he is ineligible to proceed in forma pauperis on appeal. Mr. Bishop's motion to reconsider is therefore DENIED and this appeal is DISMISSED.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge