73 F.3d 374
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Isa Abd'Allah Ramadan SHABAZZ also known as Jimmy Phillips,
Plaintiff-Appellant,
v.
Michael D. PARSONS; R. Michael Cody; Phil Gilstrap; and
Vincent Knight, Defendants-Appellees.
 No. 95-6267.
(D.C.No. CIV-94-1282-M)
 United States Court of Appeals, Tenth Circuit.
 Jan. 8, 1996.
 
 Before SEYMOUR, Chief Judge, McKAY and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining Appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Isa Shabazz, proceeding pro se and in forma pauperis, appeals the dismissal of his 42 U.S.C.1983 action and the district court's refusal to appoint counsel. Mr. Shabazz, a state prisoner, alleges that prison officials violated his rights under the Free Exercise clause of the First Amendment and his rights under the Religious Freedom Restoration Act (RFRA), 42 U.S.C.2000bb-1 (Supp. V 1993), when they denied him access to certain issues of the magazine Muhammad Speaks, which he normally received. The prison officials denied him access pursuant to prison regulations because they believed the issues involved would create a danger of violence by advocating racial, religious, or national hatred. The district court, adopting the magistrate judge's Report and Recommendation, dismissed Mr. Shabazz's claims on summary judgment. We affirm the decision of the district court in part and remand in part.
 
 The prison regulation at issue provides:
 
 3
 Publications or materials ... of a type that ... advocates racial, religious, or national hatred in such a way as to create a danger of violence in the institution is prohibited.
 
 
 4
 R., Vol. I, No. 13, Attachment B, at 2. On January 5, 1993, prison officials determined that four issues of Muhammad Speaks (Vol. 8, Nos. 5, 6, and 7) contained material which advocated racial, religious, or national hatred. Consequently, Mr. Shabazz was not allowed to have these issues. On March 23, 1994, prison officials denied Mr. Shabazz access to another issue of Muhammad Speaks (Vol.9, No. 5), for the same reason.[2]
 
 
 5
 Mr. Shabazz claims that the Religious Freedom Restoration Act governs his case. The Act only applies, however, if the plaintiff can show that some governmental act has substantially burdened his exercise of religion. 42 U.S.C.2000bb-1(a); Werner v. McCotter, 49 F.3d 1476, 1480 (10th Cir.), cert. denied, 115 S.Ct. 2625 (1995). We have previously defined what constitutes a substantial burden:
 
 
 6
 To exceed the "substantial burden" threshold, government regulation must significantly inhibit or constrain conduct or expression that manifests some central tenet of a prisoner's individual beliefs ...; must meaningfully curtail a prisoner's ability to express adherence to his or her faith; or must deny a prisoner reasonable opportunities to engage in those activities that are fundamental to a prisoner's religion....
 
 
 7
 Id. Mr. Shabazz has failed to explain how the denial of these four issues has interfered with his ability to practice his faith. He has only been denied four issues of Muhammad Speaks in the last two years. He has not been denied the ability to engage in religious activities, and he still is capable of expressing his adherence to his faith. Mr. Shabazz has not been substantially burdened in the exercise of his religion. Thus, the RFRA does not apply to Mr. Shabazz's claim.
 
 
 8
 Mr. Shabazz also claims that prison officials violated his First Amendment right to free exercise of religion. When considering a constitutional claim in the prison context, we ask whether the challenged regulation "is reasonably related to legitimate penological interests." O'Lone v. Estate of Shabazz, 482 U.S. 342, 349 (1987) (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)). We have reviewed the censored material, and we conclude that the prison officials could reasonably determine that it would lead to racial, religious, or national hatred.[3] Further, we believe a policy of excluding such material is rational in light of the government's legitimate interest in maintaining order and safety in the prison system.
 
 
 9
 We remand, however, because the prison officials may have denied Mr. Shabazz access to more material than was necessary. Our analysis requires us to consider whether any "obvious, easy alternatives" to the challenged regulation exist. Id. at 353; Turner, 482 U.S. at 90-91. The existence of such alternatives "may be evidence that the regulation is not reasonable." Id. Here, the prison censor underlined the passages he deemed objectionable. A review of the record indicates that only a few sentences from each issue were underlined. It seems that the prison could have blacked out the offending sentences and forwarded each issue to Mr. Shabazz. It is not clear why it was necessary to deny the entire issue. Thus, we remand so the district court may determine whether any rational basis existed for denying entire issues of the magazine rather than simply redacting the offending portions.
 
 
 10
 Lastly, Mr. Shabazz asserts that the district court abused its discretion when it refused to appoint counsel for him. After reviewing the facts of this case, we hold that the district court did not abuse its discretion.
 
 
 11
 AFFIRMED in part and REMANDED in part.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [2]
 The magistrate judge incorrectly referred to the January 5 issues as Vol. 9, Nos. 5, 6, and 7
 
 
 [3]
 We do not quote the censored material directly because to do so would render the prison's policy superfluous