**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 21 1997**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

# UNITED STATES COURT OF APPEALS
# TENTH CIRCUIT

---

ISA ABDULLAH RAMADAN
SHABAZZ,

       Plaintiff-Appellant,

v.

MICHAEL D. PARSONS; R.
MICHAEL CODY; PHIL GILSTRAP;
VINCENT KNIGHT,

       Defendants-Appellees,

No. 97-6025

---

Appeal from the United States District Court
for the Western District of Oklahoma
(D.C. No. 94-CV-1282)

---

Isa Shabazz, pro se.

---

Before **SEYMOUR**, Chief Judge, **PORFILIO** and **MURPHY**, Circuit Judges.

---

**SEYMOUR**, Chief Judge.

Isa Shabazz, a pro se prisoner, brought this action under 42 U.S.C. § 1983 alleging that defendant prison officials violated his rights under the First Amendment and the Religious Freedom Restoration Act by denying him access to certain issues of the magazine MUHAMMAD SPEAKS. The district court adopted the report and recommendation of the magistrate judge and granted summary judgment for defendants, holding that defendants did not violate Mr. Shabazz' First Amendment right to the free exercise of his religion by denying him access to issues of the magazine which the prison determined would create a danger of violence by advocating racial, religious, or national hatred. Mr. Shabazz appealed. We affirmed in part but remanded for further proceedings to determine whether defendants had denied Mr. Shabazz access to more material than was necessary. See Shabazz v. Parsons, No. 95-6267, 1996 WL 5548 (10th Cir. Jan. 8, 1996).

On remand, the district court adopted the supplemental report and recommendation of the magistrate judge and ruled that defendants had shown a rational basis for withholding entire issues rather than redacting only the offending portions. Mr. Shabazz filed his notice of appeal on December 27, 1996.[1] On January 31, 1997, the district court granted Mr. Shabazz permission to

_____

[1]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of
(continued...)

-2-

proceed in forma pauperis, but directed him to make partial payments of the filing fee on appeal pursuant to the Prison Litigation Reform Act of 1995 (PLRA), 28 U.S.C.A. § 1915 (West Supp. 1997). Mr. Shabazz contends on appeal that the prison's indigency policy deprives him of his right of access to the courts, that the fee provisions of the PLRA are unconstitutional, and that the withholding of entire issues of MUHAMMAD SPEAKS violated his constitutional rights.[2] We affirm.

---

[1](...continued)
this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

[2] Mr. Shabazz' challenge to the prison indigency policy is raised for the first time on appeal and we therefore do not consider it. See Vitkus v. Beatrice, No. 96-1240, 1997 WL 631332, at *10 (slip op. at 22) (10th Cir. Oct. 14, 1997). Mr. Shabazz also raises two issues that were resolved against him in the first appeal. He again asserts that his rights under the Religious Freedom Restoration Act were violated. We held in the first appeal that the Act does not apply to his claims. Moreover, the Supreme Court has recently declared the Act unconstitutional, see City of Boerne v. Flores, 117 S. Ct. 2157 (1997), and we therefore need not consider this claim further. Mr. Shabazz also challenges our previous holding that the subject material could reasonably be viewed as leading to racial, religious, or national hatred, and our holding that a policy of excluding such material was rationally related to defendants' legitimate interest in maintaining order and safety. We expressly resolved these issues against Mr. Shabazz in the first appeal and he has offered nothing that persuades us to revisit those rulings. Accordingly, the only substantive issue presented in this appeal is the propriety of defendants' decision to withhold entire issues containing objectionable material rather than redacting only the offending material.

I.

We begin by addressing Mr. Shabazz' challenges to the fee provisions of the PLRA.  Mr. Shabazz first appears to argue that the Act should not apply to him because his action was filed in district court before April 26, 1996, the Act's effective date.  In White v. Gregory, 87 F.3d 429, 430 (10th Cir. 1996), we held that the Act's fee provisions do not apply when the notice of appeal was filed prior to the Act's effective date.  We had no occasion there to decide whether the Act would apply when, as here, "the prisoner commenced his action in district court *before* April 26, 1996, but filed notice of appeal *after* April 26, 1996." Id. at 430 n.1.  Subsequently, however, we held that a prisoner proceeding in forma pauperis on appeal who files his notice of appeal after the PLRA enactment date "is required to comply with the filing fee requirements of § 1915(b), as amended by the PLRA."  Schlicher v. Thomas, 111 F.3d 777, 778-79 n.1 (10th Cir. 1997). In applying that holding here, we point out that the plain language of the Act requires us to apply its fee provisions when a prisoner "files an appeal in forma pauperis." 28 U.S.C.A. § 1915(b)(1).  Because the PLRA was in effect at the time the appeal was filed, the fee provisions are applicable and Mr. Shabazz had notice that they would be applied to him.

II.

Mr. Shabazz also challenges the fee provisions as violative of his constitutional rights, asserting that he should not be forced to choose between spending his limited prison account on the small amenities of life available to him in prison and pursuing an appeal. We are not persuaded.

The fee provisions of the PLRA require that:

> **(2)** A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor,
> . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C.A. § 1915(a)(2). The PLRA further provides:

> **(b)(1)** Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of **20** percent of the greater of--
>> **(A)** the average monthly deposits to the prisoner's account; or
>> **(B)** the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.
> **(2)** After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of **20** percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from

-5-

the prisoner's account to the clerk of the court each time the amount in the account exceeds **$10** until the filing fees are paid.

Id. § 1915(b).

As the Sixth Circuit has explained,

although all prisoners are required to pay an initial partial filing fee, payment of this fee is made only when funds exist. After payment of the initial partial filing fee, the prisoner must make monthly payments equal to 20 percent of the preceding month's income credited to the prisoner's account, but payments will be extracted only in months when the prisoner's trust fund account exceeds ten dollars ($10).

Hampton v. Hobbs, 106 F.3d 1281, 1284 (6th Cir. 1997). In addition to assessing modest amounts as described above, the PLRA also provides that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C.A. § 1915(b)(4). Finally, the Act provides that a successful prison litigant may recover costs against defendants other than the United States. Id. § 1915(f)(1).

Courts have considered a variety of challenges to the constitutionality of the above provisions and have uniformly concluded that the provisions pass constitutional muster. See Mitchell v. Farcass, 112 F.3d 1483, 1487-89 (11th Cir. 1997); Roller v. Gunn, 107 F.3d 227, 231-34 (4th Cir. 1997); Hampton, 106 F.3d at 1283-88. We agree with those courts. We find persuasive the analysis of the two circuits that considered and rejected the specific argument Mr. Shabazz raises

-6-

here. In <u>Roller</u>, the court said:

> To further ensure that prisoners need not "totally deprive themselves of those small amenities of life which they are permitted to acquire in a prison or mental hospital beyond the food, clothing, and lodging already furnished by the state," section 1915 allows payment to be taken from the prisoner's account only where "the amount in the account exceeds $10. . . ."

<u>Roller</u>, 107 F.3d at 233 (citations omitted). Moreover,

> [r]equiring prisoners to make economic decisions about filing lawsuits does not deny access to the courts; it merely places the indigent prisoner in a position similar to that faced by those whose basic costs of living are not paid by the state. Those living outside of prisons cannot file a lawsuit every time they suffer a real or imagined slight. Instead, they must weigh the importance of redress before resorting to the legal system. If a prisoner determines that his funds are better spent on other items rather than filing a civil rights suit, "he has demonstrated an implied evaluation of that suit" that the courts should be entitled to honor.

<u>Id.</u> (citation omitted); <u>see also</u> <u>Hampton</u>, 106 F.3d at 1285.

Mr. Shabazz has offered no argument, and we have not discovered one, that causes us to disagree with the above analysis or to conclude that we should not apply it here. Accordingly, we reject his attack on the constitutionality of the PLRA.[3]

---

[3]We deny Mr. Shabazz' motion for reconsideration of our April 23, 1997, order declaring him responsible for continuing payments on his filing fee in this appeal until the fee is paid in full.

III.

We now turn to Mr. Shabazz' challenge to the adoption of the magistrate judge's report. On remand, the magistrate directed the parties to supplement the record with regard to the narrow issue set out by this court in its remand order, i.e., "whether any rational basis existed for denying entire issues of the magazine Muhammad Speaks to the Plaintiff, rather than simply redacting the offending portions." Rec., vol. I, doc. 68 at 2. In assessing the issue in light of the record, the magistrate correctly pointed out that the inquiry does not employ "a 'least restrictive alternative' test," Turner v. Safley, 482 U.S. 78, 90 (1987), and that courts must accord deference to a prison's choice of regulations employed to implement valid penological goals, id. Nonetheless, "if an inmate claimant can point to an alternative that fully accommodates the prisoner's rights at *de minimis* cost to valid penological interests, a court may consider that as evidence that the regulation does not satisfy the reasonable relationship standard." Id. at 91.

Here, defendants asserted that redacting offending portions of a magazine rather than withholding the entire issue was not a reasonable alternative for two reasons. They offered evidence showing that the costs to implement such a procedure would be prohibitive, and that the procedure would prevent the prisoner from obtaining meaningful administrative review. We have reviewed the record

offered by defendants and we agree that defendants have adequately supported their policy choice, particularly in view of Mr. Shabazz' failure to offer an alternative that addresses these legitimate concerns.

We **AFFIRM** the judgment of the district court.