**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 18 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

BARTON LEE MURPHY,

     Plaintiff-Appellant,

v.

ANGELA SHENK, Head of ISM
Records Office, FCI Englewood,
in her individual and official capacity;
DAVID KENT, ISM Records Office,
Officer, FCI Englewood, in his
individual and official capacity; LISA
TABOR, ISM Records Office, Officer,
FCI Englewood, in her individual and
official capacity; MR. ESPINOZA,
ISM Records Office, Officer, FCI
Englewood, in his individual and
official capacity; R. TUCKER,
ISM Records Office, Officer, FCI
Englewood, in his individual and
official capacity,

     Defendants-Appellees.

No. 97-1300
(D.C. No. 96-S-990)
(D. Colo.)

ORDER AND JUDGMENT[*]

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **BALDOCK**, **EBEL**, and **MURPHY**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff, who is incarcerated at FCI Englewood, brought a Bivens[1] action against various prison officials alleging that they violated his right of access to the courts by interfering with his legal mail and that they retaliated against him for filing an administrative grievance seeking liberty credits.[2] The district court held an evidentiary hearing on plaintiff's request for a preliminary injunction relating to the processing of his mail. The court denied the preliminary injunction

_____

[1] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

[2] In addition to the claims at issue on appeal, plaintiff originally asserted claims for conspiracy to conceal improper action in the prison administrative remedy process and destruction of a certified mail receipt. The district court dismissed these claims, except to the extent that they were part of plaintiff's retaliation claim. The court also dismissed all claims against six other defendants, William A. Perrill, Patrick Kane, Ed Crosley, Daniel Fitzgerald, Kathleen Hawk, and Janet Reno, and ordered that their names be removed from the caption. In addition, the court dismissed all plaintiff's claims to the extent they were based on alleged violations of 18 U.S.C. §§ 241-242, 18 U.S.C. §§ 1501-1515, 28 U.S.C. §§ 2201-2202, or 42 U.S.C. §§1983, 1985. Plaintiff does not appeal the court's dismissal of any of these claims.

and later granted summary judgment to defendants. Plaintiff now appeals the grant of summary judgment.

We review the grant of summary judgment de novo, applying the same legal standard as the district court under Fed. R. Civ. P. 56(c). See Hirase-Doi v. U.S. West Communications, Inc., 61 F.3d 777, 781 (10th Cir. 1995). "When applying this standard, we examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment." Id. (quotation omitted). We will consider each of plaintiff's claims in turn.

1. Denial of Access to the Courts

Plaintiff first contends that, beginning in late July 1995, defendants interfered with his access to the courts by opening what he considers "legal" mail outside his presence and, presumably, reading it. Plaintiff contends that the sheer volume of legal mail processed in this fashion–at least 257 pieces in a nine-month period–necessarily impinged his right of access to the courts. Plaintiff also relies on several specific instances of alleged misconduct to support his claim.

In the first instance, plaintiff's criminal defense attorney, Bernard I. Bober, sent him a letter in November 1995 enclosing a copy of a Florida court order granting his motion to terminate probation. Bober advised plaintiff in the letter that federal authorities should now withdraw the detainer against him because the Florida warrant for violation of probation had been dismissed. Prison officials

opened the correspondence and gave it to the prison records department rather than plaintiff. When the records department received the correspondence, it acted to remove the Florida detainer. Plaintiff was sent a copy of the letter of removal and the correspondence from Bober was placed in plaintiff's file. Plaintiff did not receive a copy of Bober's letter until sometime in December, when a second letter from Bober prompted plaintiff to inquire about the November letter.

In the second instance, plaintiff failed to receive a May 1996 order from a federal court in Texas advising him that his Federal Tort Claims Act (FTCA) complaint improperly named the U.S. Marshals Service as the defendant and advising him that he had twenty days to amend his complaint to name the proper party-defendant or face dismissal. Because plaintiff did not receive this order, he was not able to amend his complaint and his case was dismissed without prejudice. When plaintiff learned of the dismissal, he filed a motion for reconsideration in which he explained that he never received a copy of the first order. The court denied the request for reconsideration, noting that plaintiff could easily file a new action naming the proper party. Plaintiff did file a new action, but he had to pay the filing fee because the Prison Litigation Reform Act (PLRA) had since become effective.

In the third instance, plaintiff failed to receive a July 1996 minute order from a federal court in Colorado directing him to respond to a summary judgment

motion in a <u>Bivens</u> action challenging the conditions of his confinement. Plaintiff, however, discovered the existence of the minute order by looking at the district court's docket sheet, and was able to file a timely response.

In their motion for summary judgment, defendants contended that they processed all plaintiff's mail in accordance with Federal Bureau of Prisons regulations. Those regulations designate mail an inmate receives from members of Congress, federal and state courts, the U.S. Department of Justice, other federal law enforcement officers, attorneys, state attorneys general, and prosecuting attorneys as special mail. 28 C.F.R. § 540.2(c). The regulations further provide that such correspondence will be opened only in the presence of the inmate if two requirements are fulfilled: "the sender is adequately identified on the envelope, and the front of the envelope is marked 'Special Mail–Open only in the presence of the inmate.'" <u>Id.</u> § 540.18(a); <u>see also</u> <u>id.</u> § 540.19(a) (discussing procedures relating to mail from attorneys and courts that is marked as provided in § 540.18). If the special mail does not meet both of these requirements, it may be treated as general correspondence, which can be opened, inspected, and read. <u>See</u> <u>id.</u> § 540.18(b). On April 30, 1996, FCI Englewood adopted a slightly less restrictive policy which provides that "[m]ail from the chambers of a judge and from a member of the United States Congress will not

require the special mail marking, but will continue to be opened only in the presence of the inmate." Appellant's Informal Br., Addendum at 5.

As to the three specific instances of alleged misconduct discussed above, defendants had no explanation for plaintiff's failure to receive the two court orders, other than to note that there was no record of them ever having been received by the prison.[3] Defendants admitted that Bober's correspondence was improperly forwarded to the records department rather than to plaintiff, but they argued that their conduct actually benefitted plaintiff because it resulted in the removal of the Florida detainer.

To establish a claim of denial of access to the courts, plaintiff must show that defendant's conduct caused him actual injury by frustrating or hindering his pursuit of a nonfrivolous legal claim. See Lewis v. Casey, 518 U.S. 343, 353 (1996). The legal claim affected must be one that either directly or collaterally attacks plaintiff's conviction or sentence, or one that challenges the conditions of his confinement. See id. at 354-55. We agree with the district court that plaintiff has not demonstrated a denial of access to the courts.

None of the correspondence to which plaintiff draws this court's attention was marked as special mail as provided by 28 C.F.R. § 540.18(a). Nor did any of

---

[3] In his request for injunctive relief, plaintiff sought to require the prison to keep a log of every piece of mail that plaintiff considers "legal" mail, regardless of whether it was properly marked as special mail.

it come from a judge's chambers. Although plaintiff did receive several letters from former Congresswoman Patricia Schroeder, the letters predated FCI Englewood's adoption of the April 30, 1996, policy. Moreover, plaintiff has not suggested how the opening of his "legal" mail outside his presence hindered his ability to pursue any legal claim.

Likewise, plaintiff has not shown how he was injured by the three specific instances of alleged misconduct. Although prison officials admittedly misdirected his correspondence from Bober, there is no showing that this misdirection hindered plaintiff's pursuit of a legal claim. Nor is there any showing that his failure to receive either of the court orders caused him actual injury. With respect to the FTCA action in Texas, plaintiff has not shown that it involved either an attack on his conviction or sentence or a challenge to his conditions of confinement. Moreover, plaintiff's ability to pursue the action was not impeded, because he was able to refile the suit against the correct party-defendant. Plaintiff's contention that he was injured by having to pay the filing fee pursuant to the PLRA when he refiled the action is without merit. See Roller v. Gunn, 107 F.3d 227, 231-32 (4th Cir.) (holding that imposition of filing fee under PLRA does not violate inmate's right of access to courts), cert. denied, 118 S. Ct. 192 (1997); Shabazz v. Parsons, 127 F.3d 1246, 1248 (10th Cir. 1997) (expressly agreeing with Fourth Circuit's holding in Roller). Finally, plaintiff admits that he

was able to file a timely response in the Colorado <u>Bivens</u> action, and he has not suggested that any delay in notification hindered his ability to respond. Therefore, plaintiff has failed to establish a claim for denial of access to the courts stemming from the processing of his "legal" mail.

## 2. Retaliation

Plaintiff contends that, immediately after he filed an administrative grievance on July 24, 1995, seeking liberty credits for time as an escapee, defendant prison officials began retaliating against him for filing the grievance. The alleged retaliation took several forms: (1) prison officials began opening most of "legal" mail outside his presence, they failed to give him correspondence received from Bober, and they failed to deliver the two court orders; (2) defendant Shenk, the head of the prison mail room, reinstated the Florida detainer against plaintiff in March 1996; (3) plaintiff's law dictionary was seized in November 1996 and he was forced either to send it home or to have it destroyed; and (4) plaintiff's prison pay was reduced during the period between November 1996 and January 1997.[4]

---

[4] Plaintiff also contended that Jonathan May, a prison paralegal, filed a false affidavit in plaintiff's habeas action in May 1996 in retaliation for the July 1995 administrative grievance. Plaintiff sought to amend his complaint to add May as a defendant, but the district court denied the motion on the ground that amendment would be futile. On appeal, plaintiff challenges the district court's statement that plaintiff did not show the facts of the affidavit to be false, but he

(continued...)

"Prison officials may not retaliate against or harass an inmate because of the inmate's exercise of his [constitutional rights]." Smith v. Maschner, 899 F.2d 940, 947 (10th Cir. 1990). "This principle applies even where the action taken in retaliation would be otherwise permissible." Id. at 948. Nonetheless,

> an inmate is not inoculated from the normal conditions of confinement experienced by convicted felons serving time in prison merely because he has engaged in protected activity. Accordingly, a plaintiff must prove that but for the retaliatory motive, the incidents to which he refers . . . would not have taken place. An inmate claiming retaliation must allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights.

Peterson v. Shanks, No. 96-2190, 1998 WL 394505, at *3 (10th Cir. July 15, 1998) (quotations and citation omitted).

Plaintiff has not presented evidence from which a jury could reasonably find that defendants' allegedly retaliatory motives were the "but for" cause of their actions. First, the evidence shows that plaintiff's mail was generally processed in accordance with Federal Bureau of Prisons regulations, and plaintiff has not shown that his mail was processed differently than that of other prisoners. Although at least one piece of plaintiff's legal mail did go astray, there is no evidence that the misdirection was the result of any retaliatory motive on defendants' part. Defendant Kent testified at the evidentiary hearing that FCI

---

[4](...continued)
does not challenge the district court's conclusion that amendment of the complaint would be futile.

Englewood receives between 800 and 1,000 pieces of mail each day, which is usually processed by only two people. Also, the misdirection of Bober's letter involved sending it to the records department to facilitate removal of the Florida detainer against plaintiff.

The only other allegation of retaliation involving action by the named defendants is plaintiff's contention that Shenk retaliated against him by reinstating the Florida detainer in March 1996. The record, however, simply does not support plaintiff's allegation that Shenk took any such action.

Plaintiff's other allegations of retaliation, even if true, do not involve any of the named defendants to this suit. There is no evidence that any of these defendants were responsible for seizing plaintiff's law dictionary[5] or for reducing his prison pay. Absent personal participation by defendants, they may not be held liable for the alleged misconduct. See Kite v. Kelley, 546 F.2d 334, 338 (10th Cir. 1976).

---

[5] We note that plaintiff's own evidence shows that his law dictionary was removed from his cell pursuant to a Federal Bureau of Prisons policy prohibiting prisoners from maintaining books in their cells that are available in the prison's law library. Plaintiff has not alleged that prison officials failed to enforce this policy against other inmates, and he "has no right to be exempted from a generally applicable prison regulation," Peterson, 1998 WL 394505, at *4.

We conclude that the district court properly entered summary judgment in favor of defendants on plaintiff's claims of denial of access to the courts and retaliation. Therefore, the judgment of the district court is AFFIRMED. Plaintiff's motion to supplement the record with documents that were not before the district court is DENIED.

The mandate shall issue forthwith.

Entered for the Court

Michael R. Murphy
Circuit Judge