**Thomas H. AUSTIN, Plaintiff,**

**v.**

**George A. VOSE, Thomas F. Reilly,[1] Defendants.**

**No. CIV.A. 96–10690–WGY.**

United States District Court,
D. Massachusetts.

March 22, 1999.

Thomas H. Austin, Cranston, RI, Pro se.

Susanne G. Levsen, Assistant Attorney General, Boston, MA, for George A. Vose, Jr., L. Scott Harshbarger, Respondents.

**1.** Thomas F. Reilly has been substituted for the original defendant, L. Scott Harshbarger,

## MEMORANDUM AND ORDER

YOUNG, Chief Judge.

### I.  Background

Petitioner Thomas H. Austin ("Austin") filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court on April 12, 1996. A week later, this Court denied Austin's petition. *See Austin v. Vose,* No. 96–10690 (D.Mass. Apr.19, 1996). Preparing to appeal to the First Circuit, Austin filed a motion in this Court to proceed *in forma pauperis. See* PL. Mot. to Proceed in Forma Pauperis (July 17, 1996). In that motion, Austin specifically sought "permission to proceed in forma pauperis on *Appeal." Id.* at 1 (emphasis added). This Court granted the Motion on August 8, 1996, and Austin paid no fees for his appeal.

Upon appeal, the First Circuit Court of Appeals vacated this Court's dismissal in part as premature and remanded the case for further consideration. *See Austin v. Vose,* No. 96–1989, slip op. at 2 (1st Cir. Jan. 2, 1997). After due consideration, this Court proceeded again to deny the petition on October 22, 1997. *See Austin v. Vose,* No. 96–10690, slip op. at 6 (D.Mass. Oct. 22, 1997). The Court granted Austin's request for a certificate of appealability and Austin again appealed. Prior to his second appeal, however, and for reasons not entirely clear, Austin paid $105.00 in appellate filing fees pursuant to 28 U.S.C. § 1913. The First Circuit affirmed this Court's decision on June 19, 1998. *See Austin v. Vose,* No. 98–1218, slip op. at 2 (1st Cir. June 19, 1998). Now Austin wants his money back.

### II.  Analysis

■ It is clear beyond peradventure that a losing litigant is not entitled to the return of his filing fees, *see* 28 U.S.C. § 1914(a) (noting that the "clerk of each district court *shall* require the parties" to

under Fed.R.Civ.P. 25(d)(1).

pay filing fees without provision for their return) (emphasis added), and Austin does not contend the contrary. Instead, Austin states he is entitled to the return of the fee because he filed his petition prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 and thus the payment of the filing fee "was wrong." Pl. Mem. at 1. Since the Court cannot discern any reason why this argument might warrant a return of the filing fee, this Court denies the motion on Austin's proffered ground.

■ It is possible, though, that Austin meant to emphasize the fact that he filed his petition prior to the enactment of the Prison Litigation Reform Act (the "Act"), 28 U.S.C. § 1915, which created a new requirement that prisoners proceeding *in forma pauperis* pay appellate filing fees and costs. This argument, standing alone, is insufficient to justify the return of Austin's filing fee because the Act applies to appeals filed after April 26, 1996, even if the initial petition was filed prior to that date. *See Shabazz v. Parsons*, 127 F.3d 1246, 1247–48 (10th Cir.1997). Austin did not file his second appeal until 1998. A more fruitful argument, however, stems from the fact that Austin is a state prisoner. Although the Act states that "a prisoner [who] brings a civil action or files an appeal in forma pauperis ... shall be required to pay the full amount of a filing fee," 28 U.S.C. § 1915(b)(1), the First Circuit has held that the Act "does not apply to habeas petitions prosecuted in federal courts by state prisoners" because Congress did not intend to include habeas actions under the "civil action" label. *See Martin v. Bissonette*, 118 F.3d 871, 874 (1st Cir.1997) (allowing appeal of prisoner who brought habeas appeal without paying filing fees because he was "eligible" to proceed *in forma pauperis* d). That being so, this Court's approval of Austin's right to proceed *in forma pauperis* entitled him

to appeal his case for a second time[2] "without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1).

III. Conclusion

For the aforementioned reasons, Austin's motion to return filing fees in the amount of $105.00 is granted and the Clerk is directed to make such payment.

■■■

---

**2.** Although the change in a litigant's economic circumstances may cause a litigant to lose his pauper status, *see, e.g., Treff v. Galetka*, 74 F.3d 191, 197 (10th Cir.1996), there is no indication that Austin's finances improved prior to his second appeal and thus no reason why he need reestablish his indigent status before his second appeal.