**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 27 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CLOVIS CARL GREEN, JR.,

    Petitioner-Appellant,

v.

JOHN SUTHERS; JUANITA
NOVAK; KEN SALAZAR; PEOPLE
OF THE STATE OF COLORADO,

    Respondents-Appellees.

No. 99-1447
(D.C. No. 99-Z-1623)
(Colorado)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, Chief Judge, **EBEL** and **BRISCOE**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cause is

therefore ordered submitted without oral argument.

Clovis Carl Green, Jr., a pro se prisoner, brought this proceeding which he

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, or collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

described as a habeas corpus action under 28 U.S.C. § 2254, in which he attempted to initiate a class action challenging the conditions at the facility in which he is incarcerated. Specifically, Mr. Green alleged constitutional violations arising from inmate access to the law library, limits on the number of sheets of typing paper per month, the cost of copying legal documents, restrictions on the possession of legal papers outside the law library, the prison policy on indigency status, and the denial of law library access to inmates in administrative segregation. Mr. Green sought leave to proceed in forma pauperis and moved for the appointment of counsel.

Mr. Green is a "frequent filer" subject to filing restrictions. *See Green v. Simonet*, Nos. 93-1148, *et al.*, 1994 WL 83299 (10th Cir. Mar. 15, 1994). He is also subject to the "three strikes" bar imposed by 28 U.S.C. § 1915(g) under the Prison Litigation Reform Act of 1995, which denies in forma pauperis status to a prisoner bringing a civil action if he has brought three prior dismissed actions while incarcerated. *See Green v. Nottingham*, 90 F.3d 415 (10th Cir. 1996). In reviewing Mr. Green's compliance with the filing restrictions imposed upon him, the magistrate judge concluded that Mr. Green's suit asserted civil rights claims rather than habeas claims and directed him to proceed accordingly. In response, Mr. Green insisted that his suit be characterized as seeking habeas corpus relief, presumably because habeas corpus proceedings are not "civil actions" for

purposes of 28 U.S.C. § 1915, *see United States v. Simmonds*, 111 F.3d 737, 741 (10th Cir. 1997), and the "three strikes" rule of 1915(g) therefore does not apply to them. The district court acquiesced in Mr. Green's insistence that his action be treated as a petition for habeas corpus relief under section 2254 and dismissed it as frivolous because it asserted claims not cognizable in such an action.

On appeal, Mr. Green contends he should be allowed to use a habeas corpus proceeding to challenge the constitutionality of prison conditions. We disagree.

> As a general rule, a challenge to the fact of conviction
> or confinement, or the duration of confinement, is
> cognizable only under the habeas statute with its
> requirement of exhaustion of state remedies. . . . On the
> other hand, a challenge to the conditions of confinement
> is cognizable under § 1983, which does not have a
> similar exhaustion requirement.

*Richards v. Bellmon*, 941 F.2d 1015, 1018 (10th Cir. 1991) (citations omitted). It is clear Mr. Green's claims seek a remedy for the conditions under which he is confined and do not in any way challenge the fact of his conviction or the duration of his confinement. Mr. Green admits as much, but contends he should nonetheless be allowed to pursue his claims in forma pauperis under the habeas statute for several reasons, all of which essentially assert that he should be allowed to evade the application of section 1915(g).

First, Mr. Green points out that the Supreme Court has reserved the question of whether challenges to conditions of confinement may be brought in

habeas corpus proceedings, or are restricted to actions brought under civil rights laws. While that statement is correct as far as it goes, *see McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997), we do not agree that we must therefore allow Mr. Green's civil rights claims to be brought in forma pauperis as a habeas proceeding here.

Mr. Green has once before attempted to evade the "three strikes" rule of section 1915(g), in that case characterizing his action as one seeking mandamus, which he argued did not fall within the ambit of section 1915(g). *See Green*, 90 F.3d 415. We held to the contrary, stating that "[a]llowing prisoners to continue filing actions as they had before enactment of the amendments, merely by framing pleadings as petitions for mandamus would allow a loophole Congress surely did not intend in its stated goal of 'discourag[ing] frivolous and abusive prison lawsuits.'" *Id.* at 418 (quoting H.R. Conf. Rep. No. 104-378, at 166 (1995). We reach the same result here. We will not allow Mr. Green to defeat the purpose of the PLRA by proceeding in habeas with a quintessential conditions-of-confinement suit of the type the PLRA was specifically meant to discourage.

Mr. Green further argues that unless he is allowed to pursue his claims under section 2254 and thereby avoid the provision barring his ability to proceed in forma pauperis, he will be forced to choose between purchasing items of personal hygiene and paying to pursue his civil rights claims. He argues that he

would therefore be penalized for filing such a complaint in violation of his due process rights. We have considered and rejected such claims. *See White v. Colorado*, 157 F.3d 1226 (10th Cir. 1998); *Shabazz v. Parsons*, 127 F.3d 1246 (10th Cir. 1997); *see also Carson v. Johnson*, 112 F.3d 818 (5th Cir. 1997). In so doing, we pointed out that "proceeding in forma pauperis in a civil case is a privilege, not a right–fundamental or otherwise," *White*, 157 F.3d at 1233, and that "deterring frivolous and malicious lawsuits, and thereby preserving scarce judicial resources, is a legitimate state interest," *id.* at 1234. Mr. Green's litigation history prior to the enactment of the PLRA is a compelling illustration of the need to curtail prisoner abuse of in forma pauperis status. *See Green*, 90 F.3d at 418 (pointing out that Mr. Green had filed between 600 and 700 lawsuits as of 1981, many of which had been dismissed as malicious or frivolous); *In re Green*, 669 F.2d 779, 781 (D.C. Cir. 1981) (describing Mr. Green as "in all likelihood the most prolific prisoner litigant in recorded history").

In sum, we hold that Mr. Green may not present his claims challenging the conditions of his confinement under section 2254, and we agree with the district court that as a habeas petition Mr. Green's claims are frivolous. We therefore deny his application for a certificate of appealability and **DISMISS** the appeal.

ENTERED FOR THE COURT

-5-

Stephanie K. Seymour
Chief Judge