**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 14 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ALEJANDRO RODRIGUEZ-
RODRIGUEZ,

　　　　Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,
MIKE ADAMS, Warden,

　　　　Defendants-Appellees.

No. 00-3064

D. Kansas

(D.C. No. 98-CV-3352-JWL)

---

**ORDER AND JUDGMENT** *

---

Before **HENRY, BALDOCK** , and **LUCERO** , Circuit Judges. **

---

I. BACKGROUND

　　Mr. Rodriguez-Rodriguez, appearing pro se, is a federal prisoner who

appeals the district court's grant of summary judgment to defendants on his

---

　* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

　** After examining the briefs and appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal.   See Fed. R. App. P. 34(a)(2)(c); 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument.

Federal Tort Claims Act ("FTCA") action. At the time of the challenged acts, Mr. Rodriguez-Rodriguez was housed at the United States Penitentiary in Leavenworth, Kansas. Before the district court, Mr. Rodriguez-Rodriguez raised several claims under the FTCA; on appeal, he raises challenges involving one instance of seized belongings. Specifically, Mr. Rodriguez-Rodriguez seeks damages of $400.00 for the allegedly wrongful seizure and subsequent loss of his set of platinum false teeth during an allegedly illegal search of his cell by Bureau of Prisons ("BOP") agents. In response, the BOP asserts the false teeth had been altered for use as a weapon and were seized as contraband, pursuant to 28 C.F.R. § 533.13(a). The district court agreed with the BOP and dismissed Mr. Rodriguez-Rodriguez's claims. For the reasons set forth below, we affirm.

## II. DISCUSSION

### A. Standard of Review

We review the grant of summary judgment de novo, applying the same legal standard used by the district court pursuant to Fed. R. Civ. P. 56(c). Summary judgment should be granted where, taking the facts in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Simms v. State of Oklahoma, 165 F.3d 1321, 1326 (10th Cir. 1999).

B. <u>Unreasonable Search and Seizure</u>

As to Mr. Rodriguez-Rodriguez's argument that BOP officials illegally searched his cell, prisoners are not protected under the Fourth Amendment from unreasonable searches of their prison cells or from the wrongful seizure of property contained in their cells because "the Fourth Amendment does not establish a right to privacy in prisoners' cells."  <u>Hayes v. Marriott</u>, 70 F.3d 1144, 1146 (10th Cir. 1995) (citing  <u>Hudson v. Palmer</u>, 468 U.S. 517, 522- 30 (1984)). Therefore, Mr. Rodriguez-Rodriguez's Fourth Amendment claim based on his contention that the BOP officials violated his right against unreasonable searches and seizures in his prison cell necessarily fails.

3. <u>Federal Tort Claims Act</u>

Kansas law recognizes an action in conversion for "an unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the alteration of their condition or the exclusion of the owner's rights."  <u>Watkins v. Layton</u>, 324 P.2d 130, 134 (Kan. 1958).  The FTCA permits the United States to be held liable for certain tort claims "in the same manner and to the same extent as a private individual under like circumstances."  28 U.S.C. § 2674.  Conversion claims are permitted under the FTCA.  <u>See</u> 28 U.S.C. § 2680(h).

As the district court noted, pursuant to 28 C.F.R. § 533.13(a), BOP officials may "seize any item in the institution which has been identified as contraband whether the whether the item is found in the physical possession of an inmate, in an inmate's living quarters, or in common areas of the institution." The record indicates that a few months before the challenged seizure, Mr. Rodriguez-Rodriguez received an incident report for possession of a dangerous weapon for possessing an "ice pick-type shank," and a sharpened tablespoon. Rec. doc. 22, Ex. A (Declaration of M.E. Doucette-Lunstrum).

We must "accord deference to a prison's choice of regulations employed to implement valid penological goals." Shabazz v. Parsons, 127 F.3d 1246, 1249 (10th Cir. 1997); Werner v. McCotter, 49 F.3d 1476, 1479-80 (10th Cir. 1995). Courts should continue to give "due deference to the experience and expertise of prison and jail administrators in establishing necessary regulations and procedures to maintain good order, security and discipline, consistent with consideration of costs and limited resources." (quoting S. Rep. No. 111, at 1900, reprinted in 1993 U.S.C.C.A.N. 1892, 1898-1901).

Here, Mr. Rodriguez-Rodriguez suggests no "alternative that [would] fully accommodate" his rights at de minimis cost to the valid penological interests of order and security. Shabazz, 127 F.3d at 1249. Upon discovery of the altered

-4-

platinum teeth with sharpened metal edges, the BOP agents were well within their authority to seize the item.

After seizing the dentures, the BOP agents sent the item to Staff Dental Officer Dr. Dan Price, D.D.S., for a determination of whether the dentures were functional dental prosthetics. Dr. Price concluded that the owner of the dentures was attempting to make a crude pair of knives or shanks. Upon this determination, the BOP officials were authorized to retain the dentures for disciplinary action or prosecution, or both. The BOP was then authorized to destroy or otherwise dispose of the seized item. See 28 C.F.R. §§ 553.13(b)(2)(v), 553.12(b)(1) ("Staff shall consider as hard contraband any item which poses a serious threat to the security of an institution and which ordinarily is not approved for possession by an inmate or for admission into the institution. Examples of hard contraband include weapons, intoxicants, and currency (where prohibited)."). We hold that the BOP's actions were not an "unauthorized assumption" or "alteration" of the condition of personal chattels, see Watkins, 324 P.2d at 134, but rather an authorized seizure of hard contraband.

We note that Mr. Rodriguez-Rodriguez is proceeding pro se, and is entitled to a liberal construction of his pleadings. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972). This means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the

plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. At the same time, we do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991). A court "will not supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." Dunn v. White, 880 F.2d 1188, 1197 (10th Cir. 1989).

Under this liberal construction of Mr. Rodriguez-Rodriguez's pleadings, we hold that defendants were entitled to summary judgment on his FTCA claim and we AFFIRM the district court's order.

Entered for the Court,


Robert H. Henry
Circuit Judge