**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 1, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

BARBARA FREEMAN,

     Plaintiff - Appellant,

v.

COLORADO DEPARTMENT OF
CORRECTIONS (C.D.O.C.)/DENVER
WOMEN'S CORRECTIONAL
FACILITY (D.W.C.F.); ARISTEDES
W. ZAVARAS, Executive Director;
TRAVIS TRANI, Warden, D.W.C.F.;
ARTHUR CHAVEZ, Major, Internal
Cust.; ROMONA AVANT, Capt.,
Internal Cust.; GAYLE ROSS, Lt.,
Units 1, 2, 3; JAMES HOWARD,
Srgt., Unit 2; STANLEY JERIDO,
C/O, Unit 2; MEDICAL STAFF,
D.W.C.F.,

     Defendants - Appellees.

No. 10-1214
(D.C. No. 1:09-CV-03021-ZLW)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **GORSUCH**, and **HOLMES**, Circuit Judges.

---

     [*] After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
order and judgment is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Barbara Freeman, an inmate at the Denver Women's Correctional Facility ("DWCF"), filed a complaint in the district court alleging various constitutional violations based on the conditions and her treatment at DWCF. Ms. Freeman did not, however, pay the initial partial filing fee calculated by the district court pursuant to 28 U.S.C. § 1915. Neither did she show cause why she could not pay the fee. Accordingly, the district court dismissed her complaint without prejudice. Finding no abuse of discretion in the district court's order, we affirm.

\* \* \*

Ms. Freeman filed both her complaint and a motion to proceed under 28 U.S.C. § 1915 on February 16, 2010. The magistrate judge granted the motion and correctly ordered Ms. Freeman to make an initial payment of $74.00 towards the filing fee (an amount equal to 20% of her average prison account balance over the previous six months), *see* 28 U.S.C. § 1915(b)(1)(B), or to show cause why she "has no assets and no means by which to pay the initial partial filing fee," *see* 28 U.S.C. § 1915(b)(4). After an extension of the time allowed to respond, Ms. Freeman eventually filed another prison account statement and a letter which the district court construed as a request to waive the filing fee entirely. The district court denied this request and dismissed Ms. Freeman's case without prejudice.

We review for abuse of discretion a district court's dismissal of an action due to the plaintiff's failure to pay the required filing fee. *Cosby v. Meadors*, 351 F.3d 1324, 1326 (10th Cir. 2003). Even giving Ms. Freeman's appellate briefing

the solicitous consideration to which it is entitled, *see Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n. 1 (10th Cir. 2007), we strain to discern any arguments regarding her ability to pay the filing fee. Ms. Freeman refers to a money order that "should have been turned in or returned to the plaintiff" and, in a letter filed after her opening brief,[1] refers to her difficulty balancing living expenses and legal costs. But in none of this do we find an allegation of error that would constitute abuse of discretion.

To the contrary, as the district court correctly stated, "requiring prisoners to make economic decisions about filing lawsuits . . . merely places the indigent prisoner in a position similar to that faced by those whose basic costs of living are not paid by the state." *Shabazz v. Parsons*, 127 F.3d 1246, 1249 (10th Cir. 1997) (internal quotations and alterations omitted). Thus, we affirm the district court's order for substantially the same reasons given in its thoughtful opinion. We also

---

[1] Ms. Freeman's letter could be interpreted as a request that we dismiss her appeal while she focuses on obtaining collateral relief in state court ("I will have to dismiss this case entirely or put on hold then fight it when the other case is finished."). Nonetheless, we consider the merits of Ms. Freeman's appeal because her letter is ambiguous as to what it seeks, and because neither our order nor the district court's dismissal without prejudice will interfere with her ability to re-file this action with an appropriate payment towards the filing fee.

deny Ms. Freeman's motions to proceed on appeal *in forma pauperis* and without prepayment of the filing fee.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge