UNITED STATES COURT OF APPEALS

**Filed 9/17/96**

TENTH CIRCUIT

---

TIM D. PASTORIUS,                                )
                                                 )
    Plaintiff-Appellant,                   )
                                                 )
vs.                                              )    No. 96-1126
                                                 )   (D. C. No. 96-CV-623)
GOVERNOR ROY ROMER, in his official              )    (D. Colo.)
capacity; ARISTEDES ZAVARAS, named as            )
Aristead Zavaras, in his official capacity;      )
DONICE NEAL, in her official capacity; MAJ.      )
JOHN HADLEY, named as Maj. John Hadely,          )
in his official capacity; MAJOR GARY             )
WATKINS, in his official capacity; CAPT.         )
WESLEY LEAHMAN, in his official capacity;        )
LT. DANIEAL BLACKWELL, in his official           )
capacity; LT. AUBREY BELL, in his official       )
capacity; LT. JAMES GENTILE, in his official     )
capacity; and P.A. GLEN CARLSON, in his          )
official capacity,                               )
                                                 )
    Defendants-Appellees.                  )

---

ORDER AND JUDGMENT[*]

---

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.[**]

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case therefore is ordered

Plaintiff Tim D. Pastorius, an inmate at the Colorado State Penitentiary, filed this § 1983 action pro se[1] alleging that Defendants, various state officials, violated his Eighth Amendment rights. Plaintiff claims that one hour of exercise per day combined with receipt of inadequate fresh air and no direct sunlight is constitutionally insufficient. The district court dismissed Plaintiff's complaint as legally frivolous under 28 U.S.C. § 1915(d). Our jurisdiction arises under 28 U.S.C. § 1291. We review the district court's dismissal under § 1915(d) for an abuse of discretion. Green v. Seymour, 59 F.3d 1073, 1077 (10th Cir. 1995) (quoting Neitzke v. Williams, 490 U.S. 319, 325, 327-28 (1989)). We affirm.

Having reviewed Plaintiff's brief and complaint along with the entire record before us, we agree with the district court substantially for the reasons set forth in its order dismissing Plaintiff's suit as frivolous under 28 U.S.C. § 1915(d). Plaintiff's factual allegations are largely conclusory in nature. Moreover, his discernable factual allegations fail to state a claim under the Eighth Amendment. See Bailey v. Shillinger, 828 F. 651,

submitted without oral argument.

[1] Plaintiff filed his notice of appeal prior to the effective date of the recently enacted amendments to 28 U.S.C. § 1915. Pub. L. No. 104-134, Title VIII, §§ 801-10, 110 Stat. 1321. Accordingly, we apply the law in effect prior to the amendments. White v. Gregory, 87 F.3d 429, 430 (10th Cir. 1996). Plaintiff had been granted permission to proceed in forma pauperis by the district court and may thus continue in forma pauperis in this court. See Fed. R. App. P. 24(a).

653 (10th Cir. 1987) (finding one hour per week of exposure to exercise and fresh air sufficient to withstand Eighth Amendment challenge).

Accordingly, the district court did not abuse its discretion in dismissing Plaintiff's complaint.

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge