**Mark RICHARD, Plaintiff,**

v.

**Carl R. REED, et al., Defendants.**

**No. CIV. A. 99–259–AM.**

United States District Court, E.D. Virginia, Alexandria Division.

May 3, 1999.

Mark Richards, pro se, Dillwyn, VA, for Plaintiff.

## ORDER

ELLIS, District Judge.

Plaintiff, a Virginia inmate proceeding *pro se*, has submitted this 42 U.S.C. § 1983 complaint alleging defendants violated his rights under the Eighth Amendment by depriving him of direct sunlight for more than one hundred days. Plaintiff names as defendants Carl L. Peed, Sheriff of Fairfax County, Sergeant Sousa, Recreation Supervisor of the Fairfax County Adult Detention Center (FCADC), and John Does, identified as unknown sheriff's deputies. Upon review of the complaint, however, the Court concludes that this action is frivolous, and, pursuant to 28 U.S.C. § 1915A(b)(1), dismisses this complaint.

Plaintiff has been incarcerated at FCADC since October 9, 1998. From that date to the present, he has been housed in Unit 3N2, which, according to plaintiff, consists of a dayroom containing no windows and ten cells, each with a window. Pursuant to FCADC policy, Unit 3N2 inmates are confined in the dayroom between 8:30 a.m. and 5:30 p.m., at which time they are returned to their cells for the night. Plaintiff states that each day all Unit 3N2 inmates who wish to take recreation may do so in an indoor recreation area. Plaintiff specifies that all other activities offered to FCADC inmates are indoor activities that do not provide inmates with exposure to direct sunlight.

Plaintiff avers that defendants Peed and Sousa require all recreational and other activities to be held indoors and have deliberately refused to allow plaintiff access to outdoor recreation areas.[1] According to plaintiff, he has had no exposure to direct sunlight during recreation or at any other time for a period of one hundred days as a result of defendants' overt acts. Plaintiff contends that defendants have placed his health in danger by exposing him to illnesses caused by lack of exposure to direct sunlight. As a result, plaintiff argues that his Eighth Amendment right to be free from cruel and unusual has been violated.

To state a *prima facie* Eighth Amendment claim for conditions of confinement, a two prong test must be met: plaintiff must be able to show that (1) there was a serious deprivation of a basic

---

1. Plaintiff states that Section 19 of the FCADC policy, promulgated by defendants Peed and Sousa, states that two outdoor and two indoor recreation areas are provided for inmates' regularly scheduled recreation.

human need, and (2) that prison officials were deliberately indifferent to the prison conditions. *Wilson v. Seiter*, 501 U.S. 294, 300, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991); *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981); *Shakka v. Smith*, 71 F.3d 162, 165 (4th Cir.1995); *Strickler v. Waters*, 989 F.2d 1375 (4th Cir.1993); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir.1991); *Lopez v. Robinson*, 914 F.2d 486, 489–90 (4th Cir. 1990); *Staples v. Virginia Dep't of Corrections*, 904 F.Supp. 487, 490–91 (E.D.Va. 1995). The first prong of this test involves an objective analysis requiring plaintiff to establish that the prison condition was a "sufficiently serious" deprivation of a basic human need. *Farmer v. Brennan*, 511 U.S. 825, 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991)). Plaintiff must demonstrate both (i) that the risk from the prison conditions was so grave that it violated contemporary notions of decency and (ii) that the prison condition resulted in serious or significant physical or emotional injury. *Strickler*, 989 F.2d at 1379–81; *Staples*, 904 F.Supp. at 490–91. The second prong involves a subjective analysis requiring plaintiff to establish that a defendant had a "sufficiently culpable" state of mind. *Strickler*, 989 F.2d at 1379. The Supreme Court has defined this state of mind requirement as meaning deliberate indiffer-

ence. In essence, a defendant must know of facts from which an inference can be drawn that "a substantial risk of serious harm" is posed to an inmate's health or safety, must actually draw that inference, and then disregard the risk posed to the inmate. *Farmer*, 511 U.S. at 837, 114 S.Ct. 1970.

■ This test, applied here, compels the conclusion that plaintiff's deprivation of sunlight claim is meritless; it fails both prongs of the test. As to the first prong, deprivation of sunlight for one-hundred days, in the circumstances of this case, is not a sufficiently serious deprivation of a basic human need. To be sure, there may be extreme circumstances where deprivation of sunlight or light for an extended period of time might amount to a sufficiently serious deprivation,[2] but this is far from such a case. By no means do plaintiff's allegations describe a prison condition that violates contemporary notions of decency.[3] The meritless nature of plaintiff's claim is underscored given plaintiff's admission that his cell has a window. Although he is removed from his cell between 8:30 a.m. and 5:30 p.m. each day, when he returns to his cell in the summertime, he will be exposed to sunlight. Plaintiff's claim also fails to meet the test's first prong injury requirement; he has made no allegation that he suffered a serious or significant injury.[4] Moreover, any

---

2. Dickens provides an example of an extreme degree of sunlight deprivation that surely would constitute actionable cruel and unusual punishment in his description of the captivity of Dr. Alexandre Manette in *A Tale of Two Cities*. Dr. Manette was imprisoned in the Bastille for almost eighteen years, in a small cell reached "[t]hrough gloomy vaults where the light of day has never shone, past hideous doors of dark dens and cages, down cavernous flights of steps, and again up steep rugged ascents of stone and brick, more like dry waterfalls than staircases." In the cell itself, "[t]here was a small, heavily grated, unglazed window high in the wall, with a stone screen before it, so that the sky could be only seen by stooping down low and looking up," as well as a chimney with bars across it, a stool, a table, and a straw bed. Charles Dickens, *A*

*Tale of Two Cities*, Ch. XXI: "Echoing Footsteps." Not surprisingly, Dr. Manette's long imprisonment in the dark drove him to madness. In comparison with the portrait painted by Dickens, the meritless nature of plaintiff's claim is particularly vivid.

3. This conclusion finds support given that people who serve on nuclear submarines or who live within the Arctic Circle or in Antarctica go without direct exposure to sunlight for similarly long periods of time.

4. Plaintiff's only statement regarding any injury is his assertion that defendants place his health in danger through the possibility of exposure to illnesses caused by lack of exposure to direct sunlight. This assertion is purely speculative.

such allegation would be implausible in the circumstances.

Plaintiff's claim is as deficient with respect to the second prong of the test as it is with respect to the first; there is no colorable claim that defendants acted with deliberate indifference, particularly because there may be legitimate security reasons for the restrictions. And, in this regard, it is important to note that the Supreme Court has mandated that courts accord broad deference to prison administrators' "adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish,* 441 U.S. 520, 547, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979).

While there is no controlling precedent on this issue, the result reached here conforms with related authority from this circuit and elsewhere.[5] This authority, in sum, points to the conclusion that whether an inmate's deprivation of sunlight claim meets the Eighth Amendment standard is a matter of degree, but the degree must be quite severe before it assumes constitutional significance. The precise point at which this occurs need not be defined here, for it is apparent that this claim falls far short of constitutional significance.[6]

District courts are statutorily directed to review a prisoner's complaint as soon as practicable and dismiss it if the complaint "is frivolous, malicious, of fails to state a claim upon which relief can be granted." *See* 28 U.S.C. § 1915A(b)(1). Pursuant to this direction, the instant complaint must be dismissed as it is manifestly frivolous and fails to state a claim for relief. In addition, plaintiff has filed a Request for a Temporary Restraining Order (TRO), in which he seeks a TRO prohibiting defendants Reed and Sousa from further depriving him of exposure to sunlight. Because the instant complaint is dismissed pursuant to § 1915A(b)(1), plaintiff's Request for a Temporary Restraining Order must be denied.

Accordingly, it is hereby **ORDERED** that:

in cell without sunlight did not violate the Eighth Amendment).

But other related authority suggests that in certain circumstances, deprivation of sunlight may well rise to the level of an Eighth Amendment violation. *See Keenan v. Hall,* 83 F.3d 1083, 1089 (9th Cir.1996) (holding that deprivation of outdoor exercise violated Eighth Amendment rights of inmates confined to continuous and long-term segregation); *Spain v. Procunier,* 600 F.2d 189, 199 (9th Cir.1979) (holding that denial of fresh air and outdoor recreation, while not a *per se* violation of the Eighth Amendment, constituted cruel and unusual punishment as applied to inmates confined for a period of years in continuous segregation with meager out of cell movements and minimal contact with others); *Jones v. Diamond,* 594 F.2d 997 (5th Cir.1979) (stating in dicta that confinement without outdoor exercise may violate Eighth Amendment if an inmate has a serious medical need for such exercise).

**5.** *See Pastorius v. Romer,* 97 F.3d 1465, 1996 WL 528359 (10th Cir.1996) (unpublished) (affirming district court's dismissal of action as failing to state a claim where inmate alleged he was denied fresh air and direct sunlight); *Jones v. Kelly,* 900 F.2d 252, 1990 WL 33936 (4th Cir.1990) (holding that jails may provide space for indoor recreation as an alternative to outdoor recreation where there is no medical evidence that an inmate needs outdoor exercise) (unpublished); *Zatko v. Rowland,* 835 F.Supp. 1174, 1178 (N.D.Ca.1993) (dismissing as frivolous an inmate's claim that virtually sunless existence violated his rights under the Eighth Amendment where amount of sunlight he received depended on weather rather than defendants' actions); *Johnson v. Williams,* 768 F.Supp. 1161 (E.D.Va.1991) (holding that restrictions on an inmate's outdoor recreation during a nine to ten week prison lockdown did not violate his rights where prison officials had legitimate penological interest in keeping inmates in cells); *Grace v. Wainwright,* 761 F.Supp. 1520, 1524 (M.D.Fl.1991) (holding that inmate did not have Eighth Amendment claim where he was allegedly denied outdoor exercise and fresh air); *Larson v. Frossard,* 1987 WL 6284, *1 (N.D.Ill.1987) (holding that confining inmate

**6.** While it is clear that this claim comes nowhere near such a degree of severity, it is also clear that the threshold for constitutional significance occurs well short of the Dickens example.

1. This action is FILED solely for the administrative convenience of the Court;

2. Plaintiff's Motion to Proceed *In Forma Pauperis* is **DENIED** as moot;

3. This action is **DISMISSED** as frivolous and as failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A(b)(1); and

4. Plaintiff's Request for a Temporary Restraining Order is **DENIED**.

Should plaintiff wish to appeal, written notice of appeal must be filed with the Clerk of the Court within thirty (30) days of the date of this Order.

Plaintiff is advised that the "Prison Litigation Reform Act of 1995" ("Act") limits the number of times an inmate may proceed without the payment of filing fees. The Act amended 28 U.S.C. § 1915 to add subsection (g), which states, in relevant part:

> In no event shall a prisoner bring a civil action ... proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff is advised that this action is included as one of his dismissals. Once plaintiff has accumulated three dismissals as indicated above, he will no longer be permitted to proceed *in forma pauperis,* absent exigent circumstances.